Meyer v. Witter.

———◄❖❖❖►———

MEYER, Respondent, v. WITTER, Appellant.

1. To make the contents of a document—a periodical publication—in a foreign language evidence, it must be translated, and be brought home to the party against whom it is sought to be used.

*Appeal from St. Louis Court of Common Pleas.*

*S. A. Holmes,* for appellant.

I. Under the issues and the instructions of the court below, the allowance of the defendant's offset depended upon the proof of the fact of partnership between the plaintiff and Bibliographic Institute of Hildburghausen, and it was therefore error in the court to exclude any evidence tending to prove that fact. The identity of the publication was established by the testimony of Schuster, and there being evidence offered by the defendant tending to show that Meyer was one of the publishers, the translation from the prospectus ought to have gone to the jury for what it was worth. They were the proper judges as to whether Meyer was the publisher or not.

II. The point taken by the respondent, that the publication called the "Leuchtkugeln" was in the German language, is

not well taken. The defendant did not offer the contents but the *thing* in evidence.

III. That part of the contents of this book, consisting of the prospectus, which was offered in evidence by the defendant, was properly translated and the translation proven. Where a party offers a book in evidence, he is not obliged to read the whole of it. The plaintiff might have called for a translation of the remainder had he himself desired to read it in evidence.

IV. It is objected that there is no evidence that the "Leuchtkugeln" offered by the defendant ever came from Meyer. There was evidence tending to show that Meyer was the publisher of this work, and that Witter was his agent and factor for the sale of it; that consignments of the work, with prospectus, had been made to him. Under these circumstances, it would seem to be enough that the defendant produced from his possession a copy of the work and identified it as genuine.

*Hill, Grover & Hill*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action brought by Meyer to recover of defendant Witter the sum of seven hundred and sixty-four dollars and thirty-two cents, alleged to be due from Witter to plaintiff, on account of goods, wares and merchandise sold and delivered by plaintiff to Witter at his request. A particular statement of the account is filed with the petition, showing debits, and credited with the amount of $1806 43. The debts amounted to $2570 75 — leaving a balance due to plaintiff of the sum of $764 32.

The answer of Witter denies all indebtedness; and he also pleaded a set-off due to him by a firm of which he alleges the plaintiff is a member. The set-off amounted to $827 89. Defendant admits the correctness of a part of plaintiff's debt, amounting to $684 47; leaving a balance of $143 42 due from plaintiff to defendant. The plaintiff proved his case by

a witness who stated that the defendant in his presence admitted the account shown to him by plaintiff containing all of the items as set forth in the account filed, and also the amount of credits, leaving the balance as stated in the petition; and that defendant promised to call at the plaintiff's store and pay it, or arrange it before he left the city of New York.   The witness proved that the amount of $764 40 was distinctly admitted as the difference between the plaintiff's and defendant's accounts; and it was distinctly agreed at the time that that was the actual amount due from defendant to plaintiff.   It was also proved that the plaintiff was not a member of the "Bibliographic Institute"—the firm that defendant in his set-off claimed to be debtor to him—and that plaintiff was a partner thereof; and also proved that the Bibliographic Institute never had any connection with the house or business of the plaintiff, except that plaintiff bought books of the Institute as other book-sellers buy, and occasionally attended to a few small matters of business for the Institute in New York by way of convenience and good feeling; that plaintiff's house never was a branch of the Institute.

The defendant gave much testimony for the purpose of establishing the issues set up in his answer, and all the evidence offered by him was admitted except the copy of the "Leuchtkugeln," and a partial translation thereof.   A witness for defendant testified that he knew the publisher, and had heard it was published by a man named Roller, in Munich; but did not know of his own knowledge by whom it was published. Defendant then offered to read in evidence a translation of the first page of said publication, which was as follows:

"*Leuchtkugeln.*   Vol. 8 — No. 1.   Address of the new editors.   'To meet again' was the last word on the last sheet of this journal, and the last hope of its brave founder.   The latter has been promptly fulfilled.   The 'Leuchtkugeln,' transferred to our publishership, continue to shine.   Under the shield of our firm the journal obtains homeright and the largest circulation in both the hemispheres, and by it security

of its subsistence. May the 'Leuchtkugeln' at their continued publication be received everywhere by the people with the greeting of welcome.

"Hildburghausen: Bibliographic Institute. New York: Herman J. Meyer."

The publication thus offered and excluded is a magazine in the German language, mutilated and without date. No evidence was offered by defendant tending to show where it came from, or how the defendant became possessed of it. The evidence before offered showed that plaintiff had sent to the defendant for sale works of that name, "Leuchtkugeln," and had charged them in his account in 1852; but there was no proof tending to connect plaintiff with this particular paper or document. The only question before us is as to the rejection of this German paper and the translation of a part of it as evidence. In our opinion, the document was properly rejected; there is nothing connecting the plaintiff with this document; no proof that he had ever before seen it, or had any thing to do with it. The document is mutilated and without date. It was not translated, and if the object was to make the contents evidence to the jury, it must be translated. If it be the object only to show the paper itself—the document without any reference to its contents—it is not competent for that purpose without previously by other testimony bringing it home to the plaintiff, and in some way connecting him with it. This was not done in this case. We therefore conclude that the court properly rejected the document when offered in evidence. This action of the court is the only matter complained of here. We therefore affirm the judgment; the other judges concurring.