Statement of the case.

## ALEX. SARTOR v. JASPER BOLINGER.

(Case No. 4742.)

1. JUDICIAL KNOWLEDGE.—A court of Texas will not take judicial knowledge of the meaning of words unknown to the English language, and when a deed authenticated in a foreign language is offered in evidence without a translation, it is properly excluded.

2. AUTHENTICATION.— One styling himself "Kanzlie, director of the city of Stuttgart, Germany," was not an officer who in 1875 could take an acknowledgment to a deed for land in Texas; and a consular certificate that the particular individual who filled that office was commissioned to take acknowledgments imparted to his act no additional force.

3. EVIDENCE—HANDWRITING.—The presiding judge before whom a cause was tried, a jury being waived, rejected as not worthy of belief the evidence of a witness whose testimony, being taken by deposition, was conflicting and contradictory. The object of the testimony was to establish a deed by proof of handwriting. *Held,*

    (1) The witness having stated, on cross-examination, in effect, that he did not know the grantor, evidence of his handwriting contained in letters attached to his answers was properly excluded, when, 1st, there was no evidence that the grantor knew and acquiesced in acts founded on their supposed genuineness. 2d. When neither the witness nor any other person was able to establish the identity of the party.

    (2) The court having, in the place of a jury, passed on the credibility of a witness, and refused to believe him, the supreme court would not reverse for that cause.

4. COMPARISON OF HANDWRITINGS.— No instrument can be proved by comparison of handwritings, unless it be shown that the signatures offered for comparison were made by the individual whose name is written to the instrument sought to be established.

5. PRATICE.— In trespass to try title the genuineness of an instrument offered in evidence may be attacked without filing an affidavit of forgery, when the party offering it has failed to comply with art. 2257, R. S.

6. AUTHENTICATION.— See statement of this case for facts under which the authentication of an instrument by a notary, who, being agent for the party claiming adversely, assumed to explain it to an ignorant man, who executed it, was disregarded.

APPEAL from San Saba. Tried below before the Hon. A. O. Cooley.

Trespass to try title to four hundred and eight acres of land, patented to Francis Heermann, assignee of Johannes Zipp.

Appellee filed an amended original answer, setting up a plea of " not guilty," and various special defenses.

· During the trial appellant offered in evidence, as a link in his chain of title, an instrument in writing, purporting to have been signed and executed by appellee, and acknowledged before one G. B. Cooke, a notary public, in which it was claimed that appellee recognized appellant's title, and agreed to buy the land from him.

Appellee himself was put upon the stand to prove his signature to this instrument, and, upon cross-examination, he was allowed, over appellant's objections, to testify as follows: " That G. B. Cooke was the agent of Sartor for the land; that he, witness, a short time before Cooke's death, met Cooke on the street, and, at his request, went with him to his office. That Cooke asked him if he was willing to acknowledge Sartor's title, and witness said he was not. Cooke then asked him what he would do, and witness replied that, if Sartor could make a good title to it, he would pay him $1.25 an acre for it, and make one payment in the fall, or that he was willing for disinterested parties to value the improvements, and, if Sartor would pay him for them, he would give up the place. Cooke asked him if he was willing to write a letter to Sartor to that effect; witness replied he was. Thereupon Cooke wrote what he, witness, understood to be a letter to Sartor, and read it over to him as a letter, and witness signed it. The instrument thus read to him was different from this instrument. That witness did not know that Cooke was a notary public, and did not acknowledge his signature to the said instrument before him. That witness did not know that such an instrument as this was in existence, until after this suit was brought. That witness reads writing very little, and could not read the instrument written and read to him by Cooke."

Other facts connected with the trial are sufficiently indicated in the opinion.

Judgment for defendant.

*Russell Howard*, *L. C. Grothaus* and *Townes & Burleson*, for appellant, cited 1 Greenleaf, secs. 577, 581; Hanley v. Grandy, 28 Tex., 211; Am. L. Rev., January and February, 235, 238; Hardy v. De Leon, 5 Tex., 211; Box v. Lawrence, 14 Tex., 545; Bigelow on Estoppel, 2d ed., p. 381; Hughes v. Sandal, 25 Tex., 162; Bedwell v. Thompson, 25 Tex. Sup., 245; 44 Tex., 1; 1 Tex., 535; 20 Tex., 452; 3 Tex., 29; 29 Tex., 48; 28 Tex., 552.

*Wooten & Pendexter*, on the authentication of the deed, cited Rev. Civ. Stats., arts. 2257, 4297, 4307, 4308; Wright v. Lancaster, 48 Tex., 250; Peters v. Clements, 46 Tex., 115; McFaddin v. Preston, 54 Tex., 407; Craddock v. Merrill, 2 Tex., 494; Wharton's Law of Evidence, vol. 1, § 740; Pasch. Dig., vol. 2, art. 7418 (Act of May 11, 1871).

On proof of handwriting, Eborn v. Zimpelman, 47 Tex., 518; Phillips v. State, 6 Ct. App., 364; Hatch v. State, 6 Ct. App., 384;

Mapes v. Leal, 27 Tex., 345; Commonwealth v. Eastman, 1 Cush., 189; Martin v. Maguire, 7 Gray, 177; Bacon v. Williams, 13 Gray, 525; 1 Greenl. Ev., sec. 581 and cases cited; 1 Wharton's Law of Ev., sec. 714 and notes; 115 Mass., 481; 118 Mass., 420; 12 Wall., 317; Abbott's Trial Ev., pp. 393, 394 and notes.

On an attack of a written instrument for fraud or deceit, Hughes v. Delaney, 44 Tex., 532; Ranger v. Hearne, 41 Tex., 258; O'Connell v. Duke, 29 Tex., 299; Stacy v. Ross, 27 Tex., 3; Goldman, Adm'r, v. L. & H. Blum, 58 Tex., 630; Abbott's Trial Evidence, pp. 294, 787; Wharton's Law of Evidence, vol. 2, secs. 931, 1019 and notes.

*A. D. McGinnis* and *W. M. Allison,* also for appellee.

WILLIE, CHIEF JUSTICE.— This was an action of trespass to try title, commenced by appellant, to recover of appellee four hundred and eight acres of land, patented to Francis Heermann, assignee of Johannes Zipp, under whom appellant claimed. Bolinger, the appellee, pleaded general and special demurrers, not guilty, limitation of ten years, and suggested valuable improvements. The cause was submitted to the court without the intervention of a jury, and judgment rendered for Bolinger. From this judgment an appeal is prosecuted by plaintiff below to this court.

The basis of the judgment of the district court was a failure on the part of Sartor to prove title in himself to the land in controversy. This failure was caused by the rejection of a deed purporting to have been made to him by one Dekan Heermann, which was one of the muniments of Sartor's title to the land. The objections sustained to this deed were: 1. It was not properly proven or authenticated for record, and not duly recorded. 2. Because it was not proven up as at common law.

What is claimed to be the proof upon which the deed was admitted to record, if in any language at all, is certainly not in the English language. The court could not take judicial knowledge of the foreign words and characters at the foot of the deed, and no proof to explain them was offered. When an instrument written in any other language than our own is sought to be introduced in evidence, it must be translated into English by a competent person, having knowledge of both languages. It is the duty of the party offering the paper in evidence to have the interpretation made, and not of the judge before whom the case is on trial to supply him with an English version of it, in order to enable him to get in his

evidence. The original deed, with the so-called certificate of acknowledgment, is brought up with the transcript, but this court is as ignorant of the contents of the latter as was the court below, and cannot tell, of course, whether or not it complies with our registration statutes.

But there is another objection taken below, which is fatal to it as a certificate of acknowledgment. It does not appear to have been taken before any officer authorized by our laws to take the acknowledgment of deeds for record. The name of one "Konig" is signed to it, and his official title seems to be "Kanzlei Director" of the city of Stuttgart, in the kingdom of Wurtemberg, Germany.

At the date of this transaction our statutes required that proof of such instruments should be taken before some public minister, *chargé d'affaires*, consul, or consular agent of the United States or notary public. The title by which the officer is designated does not bring him under either of these heads. All of these officers, except the last, must be officers of the United States, which this one was not, as appears from the certificate of the American consul, and there is no proof whatever that he was a notary public. It is true the consul's certificate says that "Konig" was commissioned to do such acts, but we are not advised of any law that authorizes the consul to make such certificates; and if commissioned at all, it was not by the state of Texas, which alone could confer authority to take acknowledgments of deeds to land lying within its territory. We see no error in refusing to receive the deed in evidence as a recorded instrument.

The next question is: Was the deed sufficiently proved as required by the common law to admit it in evidence? The proof was about this: Sartor, the appellant, stated that he knew Dekan Heermann, who purported to be the grantor in the deed, personally since 1863; that he never saw him write, but had received letters from him which he afterwards stated to be written by him, some being in regard to this very land; that the correspondence extended over about four years; that after this correspondence, he saw Dekan Heermann and communicated personally with him about it; that they conversed upon the subject matter of the letters, each basing his statements on the facts and matters communicated from one to the other in said correspondence, and referring thereto; that he had those letters in possession, and that he had examined the signature to the deed in question, and found the same genuine. He also stated that he knew the Heermanns personally, and had for twenty years. On cross-examination the witness stated that he knew none of the Heermann

family personally, except Francis Heermann, who was a brother of Dekan.

The judge below held that this evidence given by the appellant alone as to the alleged grantor's signature was so conflicting and contradictory in different parts of it, that it failed to show that the plaintiff knew the genuine handwriting and signature of the grantor sufficiently to render him competent to testify thereto. The letters which, according to Sartor's testimony, he had received from Dekan Heermann, and by comparison with which he concluded that Heermann's signature to the deed was genuine, were attached to his answers to interrogatories, his evidence having been taken by deposition. It was proposed to introduce these letters in evidence in order that the court itself might compare the handwriting with that of the signature to the deed; but on objection the court excluded them, because they were not admitted to be the letters of the grantor or proven to be such.

The rules of evidence allow a witness to testify as to the handwriting of another when he has seen letters purporting to be in such handwriting, and has afterwards personally communicated with the writer respecting them. Also, where the witness has acted upon them, the party having known and acquiesced in such acts founded upon their supposed genuineness, or where the supposed writer has so adopted them into the ordinary business transactions of life as to induce a reasonable presumption of their being his own writings. 1 Greenl. on Ev., § 577. The writer just referred to adds, that " evidence of the identity of the party being, of course, added *aliunde* if the witness be not personally acquainted with him."

The witness, in answer to the direct interrogatories, qualified himself to testify concerning the handwriting of his grantor, for he swore that he had seen letters purporting to be in such handwriting and had afterwards personally communicated with the writer concerning them. This is almost in the exact language of the law, as if the witness had it before him in making the answer. But his subsequent statement that he never knew any of the Heermann family except Francis excluded the idea that he could have had any personal communication with Dekan on this subject or any other. We must take his testimony most strongly against himself, and conclude that he had no knowledge of the genuineness of the letters through any personal statement made to him by their supposed author.

There was no proof that the witness had acted upon any statements contained in these letters. In fact, we are not informed as to what is contained in them. He says that some of them were in

regard to this very land, but upon what matter in reference to the land they treated the record does not disclose. If the correspondence was not as to a sale of the land, then there was absolutely no proof that Sartor acted upon the contents of any of them, and there is no evidence that the supposed writer, in any other way, induced a reasonable presumption that these letters were his own.

And lastly, there it is not shown that the party who wrote the letters was the identical Heermann under whom Sartor claimed the land. The identity of the party, as we have seen, must always be proved when the witness is not personally acquainted with him. Here the witness has admitted, on cross-examination, that he did not personally know Dekan Heermann, and taking his word for it, his identity should have been established by competent testimony, which was not done. It may be added, also, that this witness had been guilty of other contradictions in the course of his testimony, and if the court, exercising the right of a jury on the trial and passing upon his credibility, refused to believe him, we would hardly be justified in reversing on that account.

The reasons assigned for holding the facts stated by Sartor to be insufficient to qualify him as a judge of the handwriting of his grantor are sufficient to sustain the action of the court in refusing to consider the letters attached to his depositions, and to compare their handwriting with the signature of Heermann to the deed. It was not shown that they were written by the Dekan Heermann whose name was signed to appellant's deed. This does away with all necessity for passing upon the question of whether or not in our state handwriting can be proved in a civil cause by a comparison made at the trial of the instruments offered in evidence, with papers shown to be in the handwriting of the party whose signature is in question. In such cases it must be made to appear, in a satisfactory manner, that such papers are in the genuine handwriting of the party, or they are not admissible. This proof was not made in the present case, and the court did not err in ruling out the letters.

Lastly, as to the alleged acknowledgment of title made by Bolinger in the written instrument, certified to by Cooke as a notary public. There can be no doubt of the right of a party to an action of trespass to try title, to attack the genuineness of an instrument offered in evidence by the opposite party, without filing an affidavit of forgery, where the party offering it in evidence has not complied with art. 2257 of the Revised Statutes. Here the paper attacked by defendant had never been recorded, nor had any notice of its filing been given, nor was it relied on in any of the pleadings of

the appellant. The court, therefore, did not err in admitting testimony to show that it was not the instrument which Bolinger was induced to believe he was signing. If, upon hearing proof as to the circumstances under which this writing was signed, the court came to the conclusion that Bolinger placed his signature under a mistake and misrepresentation as to what it contained; and from inability to read, he could not ascertain by inspection the contents of the paper, and relied on Cooke to detail them to him, we cannot disturb its conclusions in that respect. There was some evidence to serve as a basis for them and we must acquiesce in them.

But the instrument, if legally executed, did not have the effect of depriving him of the right to question appellant's title in this suit. It was in the nature of an agreement to purchase Sartor's title, or sell Bolinger's improvements to him. It was in effect what Bolinger supposed it to be, an agreement to buy in case Sartor could make a good title, or more properly, an offer of compromise by buying out the opposing title, or selling his own claim. All the parts of the instrument, taken together, make this its proper construction, and it did not operate to estop Bolinger from requiring appellant to show a good title to sustain this suit. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 8, 1883.]