## LACOMA v. CANTO.  (No. 1278.)

(Court of Civil Appeals of Texas. El Paso. Jan. 12, 1922. Rehearing Denied Feb. 2, 1922.)

1. Evidence ⬅361—Admission of document printed in foreign language without translation held error.

Admission in evidence of document printed in foreign language without a translation *held* error.

2. Trial ⬅22—Party who offers paper in foreign language in evidence must have it interpreted.

When instrument written in foreign language is offered in evidence, it is the duty of the party offering the paper in evidence, and not that of the judge, to have the interpretation made.

3. Appeal and error ⬅1054(1)—Judgment not reversed for incompetent testimony, where there is competent testimony sufficient to authorize judgment.

Cause tried before the court will not be reversed because of incompetent testimony, where there is competent testimony sufficient to authorize the rendition of judgment.

4. Appeal and error ⬅1054(1)—Admission of instrument in foreign language without interpretation held harmless.

The admission of instrument in foreign language without interpretation, in action tried by court, *held* not ground for reversal, where court understood language and where the instrument was material only on the issue of damages and there was other evidence to sustain judgment with reference to amount of damages.

5. Appeal and error ⬅1010(1)—Findings not disturbed where supported by positive evidence.

Findings supported by positive evidence will not be disturbed on appeal.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Sotiro Canto against Silva Lacoma. Judgment for plaintiff, and defendant appeals. Affirmed.

Jackson, Isaacks & Fryer, of El Paso, for appellant.

Jno. T. Hill, of El Paso, for appellee.

HARPER, C. J. Sotiro Canto brought this suit against Silva Lacoma for $1,500, the alleged value of certain moving picture films delivered to defendant in a locked box with

the agreement that defendant would keep same until called for; that defendant appropriated them to his own use.

Defendant answered by general denial, especially denied any agreement to keep and return the films; that he granted plaintiff permission to leave the box in his office, which was done; that he did not know its contents; that it remained there several months and plaintiff came and took it away; that he did not take anything from the box, nor any one else with his knowledge or consent.

Trial was before the court without jury, and judgment rendered for plaintiff for the sum of $200. From which this appeal.

[1] The first assignment is that the court erred in admitting in evidence, over the objection of defendant, a document printed wholly in a foreign language. The reasons assigned are: That no translation of it was offered; that defendant's attorneys could not tell what it contained; that it was immaterial, irrelevant, incompetent, and inadmissible for any purpose.

[2, 3] The rule applicable to this writing is clearly stated in the case of Sartor v. Bolinger, 59 Tex. 411:

"When an instrument written in any other language than our own is sought to be introduced in evidence, it must be translated into English by a competent person, having knowledge of both languages. It is the duty of the party offering the paper in evidence to have the interpretation made, and not of the judge before whom the case is on trial to supply him with an English version of it, in order to enable him to get in his evidence."

So clearly this document was not admissible in evidence, but where the cause is tried before the court the admission of incompetent evidence will not require a reversal unless injury is shown. That is, that the court must have considered the incompetent evidence in arriving at his judgment. And when the court hears such incompetent testimony, the cause will not be reversed where there is competent testimony sufficient to authorize the rendition of the judgment entered. Melton v. Cobb, 21 Tex. 539; Orient Land Co. v. Reeder, 173 S. W. 939.

It appears from the bill of exceptions that the document was in Spanish; that the court understood Spanish, and that it was introduced in evidence for the purpose of showing what was in the picture alleged to have been left by the plaintiff with the defendant, for the conversion of which plaintiff ought to recover damages.

[4] As to what pictures were upon the films was immaterial upon any question in the case unless remotely it had a bearing upon the question of their value. The appellant contends by other assignments that the evidence does not sustain the finding of $200 value by the court, but we have concluded that outside of this document there is ample evidence

to sustain the finding, so it matters not what the document contained in this respect, and since the plaintiff introduced it for this purpose only, it is not to be presumed that the court considered it for any other purpose.

There is no merit in the other assignments and propositions: (a) That the allegata and probata do not correspond. (b) That there is no evidence of conversion. (c) And no evidence that the two films missing from the box were of the value of $100 each found by the court.

[5] The cause having been tried by the court, his judgment involves findings adverse to the appellant's upon these issues of fact, and since there is positive evidence to support the findings they will not be disturbed. Vernon, Sayles' Statutes, art. 1948, authorities collated thereunder. Roe v. Davis, 142 S. W. 950.

Finding no reversible error, the assignments are overruled and cause affirmed.

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes