GERHARD & HEY CO., INC. (ART BOOK PUBLICATIONS, INC.) *v.* UNITED STATES

**No. 5875.**—Invoices dated London, England, November 15, 1939, etc.
Certified November 22, 1939, etc.
Entered at New York, N. Y., December 16, 1939, etc.
Entry No. 50291, etc.

(Decided May 25, 1943)

*Daniel P. McDonald* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

KINCHELOE, Judge: These appeals for reappraisement, all of which were consolidated for the purposes of trial by consent of the parties, involve determination of the proper dutiable value of certain books imported at the port of New York. In reappraisement 139877–A, the merchandise was exported from England. The merchandise covered by all of the remaining cases involve exportations from France.

In each case the appraiser advanced the value and made his appraisement upon the basis of foreign value. Plaintiff claims that there is no foreign value, export value, or United States value, as those values are defined in section 402 of the Tariff Act of 1930, for the instant merchandise, and that the proper basis of appraisement therefor is cost of production as such value is defined in section 402 (f) of the said tariff act.

In support of its case plaintiff introduced the testimony of three witnesses, together with documentary evidence in the form of contracts between the exporter in France and agents in England, and the United States, and an agreement between the exclusive agent in England and the sole distributor in this country. A special agent's report was offered by defendant and the same was admitted as collective exhibit B. Attached to the same exhibit are two pamphlets printed in the French language, without translations into English. A somewhat similar situation was presented in the case of *Jose A. Montemayor E Hijos et al.* v. *United States,* 24 C. C. P. A. 7, T. D. 48288, and in holding that such documents were inadmissible the appellate court said:

Usually, the use of untranslated documents as evidence is regulated by the rules of the court in which the hearing is had. Such is the case in this court (see rule X), and, had these exhibits been incorporated, untranslated, into the record in this court, they would not have been considered. We are disposed, however, to agree with the view taken by the appellate division as to their inadmissibility. There is respectable authority in support of such position. *Meyer* v. *Witter,* 25 Mo. 83; *Sartor* v. *Bolinger,* 59 Texas 411.

Following the cited authority, I hold the pamphlets, printed in the foreign language, and which were offered with collective exhibit B to be inadmissible for the purposes of the issues presented herein.

The merchandise in question is books printed in English. The record is conclusive that the books sold in France are printed in French, and that the ones in the English language are neither freely offered nor sold for home consumption there. It therefore follows that no statutory foreign value existed in France for these books at the time of their exportation. It is further established by the evidence that sales in the principal markets of England and in this country are restricted to exclusive agents. Under well-known authorities on the subject, such conditions create a controlled market for tariff purposes. *Goodyear Tire & Rubber Co.* v. *United States*, 11 Ct. Cust. Appls. 351, T. D. 39158; *J. H. Cottman* v. *United States*, 20 C. C. P. A. 344, T. D. 46114; *United States* v. *Half Moon Manufacturing & Trading Co., Inc.*, 28 C. C. P. A. 1, C. A. D. 115; *United States* v. *Paul J. Pauls*, 28 C. C. P. A. 7, C. A. D. 116. It seems unnecessary to review in detail the cited cases. Suffice it to say that in these cases the court held that a market was a controlled market upon a showing that the restrictions imposed attached either to the resale and the free use or dominion over the merchandise, or that sales were confined to selected purchasers. Sales of the books in question having been confined to selected purchasers, both in the export markets of England and in the principal market of this country, neither an export value nor a United States value existed for the present merchandise at the time of its exportation. Hence, the proper basis for appraisement of these books is cost of production.

The merchandise involved in reappraisement 139877–A comprises an exportation from England, and the cost of production therefor should be its cost of production in that country. However, the record is silent as to any proof of cost of production for these books in England. Appeal for reappraisement 139877–A is therefore dismissed for insufficiency of proof.

Insofar as the exportations from France are concerned, the testimony adduced by plaintiff as to the cost of production is uncontradicted. The president of the foreign exporting corporation, who was thoroughly familiar with all phases of his business, gave figures covering the cost of production of the various books under consideration. Such figures are set forth in schedule B, attached hereto and made a part hereof, and are hereby adopted as the proper dutiable values of this merchandise.

On the basis of the record before me, I find as a matter of fact:

(1) That the merchandise in question consists of certain books printed in the English language.

(2) That at the time of exportation of this merchandise, there was no foreign value, export value, or United States value, as such values are defined in section 402 of the Tariff Act of 1930, for such or similar merchandise.

(3) That the proper basis for appraisement of the books in question is cost of production, as such value is defined in section 402 (f) of the Tariff Act of 1930.

(4) That this record does not establish any cost of production in England for the merchandise involved in reappraisement 139877-A.

(5) That as to the merchandise involved in each of the appeals, except reappraisement 139877-A, such costs of production are as set forth in schedule B, attached hereto and made a part hereof.

Accordingly, I hold as matter of law that the correct dutiable values of the books involved in each of these appeals, except reappraisement 139877-A, are the costs of production therefor as set forth in fact (5). As to all other merchandise covered by these appeals, the appeals are dismissed.

The appeal covered by reappraisement 139877-A is hereby dismissed.

Judgment will be rendered accordingly.

---

*Schedule B*

| Reap. No. | Title | Fr. Francs per copy |
|---|---|---|
| 139878-A | Maillol | 26. 02 |
| | French Painting XX Century | 31. 94 |
| 140254-A | Toulouse—Lautrec | 26. 02 |
| | Maillol | 26. 02 |
| | French Painting XX Century | 31. 94 |
| | French Engravings | 31. 94 |
| 140256-A | Toulouse—Lautrec | 26. 02 |
| 140257-A | Toulouse—Lautrec | 26. 02 |
| 140259-A | French Engravings | 31. 94 |
| 140261-A | Toulouse—Lautrec | 26. 02 |
| | French Engravings | 31. 94 |
| 140262-A | French Painting XIV, XV, & XVI Century | 31. 94 |
| 140264-A | French Painting XIV Century | 31. 94 |
| | Flowers | 42. 37 |
| 140265-A | Flowers | 42. 37 |
| 140266-A | Flowers—Tulips | 42. 37 |