GERHARD & HEY CO., INC. (ART BOOK PUBLICATIONS, INC.)
v. UNITED STATES

No. 6252.—Invoices dated London, England, November 15, 1939, etc.
Certified November 22, 1939, etc.
Entered at New York, N. Y., December 16, 1939, etc.
Entry No. 50291, etc.

Third Division, Appellate Term

(Decided on rehearing [Reap. Dec. 6226] January 31, 1946)

*Daniel P. McDonald* for the appellant.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges; KEEFE, J., not participating

CLINE, Judge: These cases were originally tried before Judge Kincheloe, who held that there was no foreign market value, no export value, and no United States value for the merchandise and that it was dutiable on the basis of cost of production (10 Cust. Ct. 626, Reap. Dec. 5875). Thereafter a motion for a rehearing was granted (11 Cust. Ct. 446, Reap. Dec. 5942) and a decision was rendered holding that the evidence was insufficient to establish the cost of production and finding the proper values to be the values returned by the

appraiser (Reap. Dec. 6081). An appeal was taken to this division and the decision below was affirmed (Reap. Dec. 6226).·

Thereafter a motion was made by the plaintiff for an order setting aside and vacating the judgment of this court and remanding the cases to the trial judge for a rehearing on the ground of newly discovered evidence. An order was then entered vacating and setting aside the judgment of October 17, 1945, of this court and the judgment of January 2, 1945, of the trial judge and the case was restored to the docket for a rehearing before the Third Division. ·

At the rehearing the attorney for the plaintiff moved that the case be remanded to the trial judge with instructions for a new trial. The Government objected, claiming that there were no new facts which have not been considered by this court. It appears from the affidavits attached to the moving papers that the books showing the cost of production of the merchandise were kept in Paris; that André Gloeckner, president of Hyperion Press, left Paris a half hour before the Germans entered; that he was able to take with him only a small memorandum book showing the cost of labor and materials; that Mr. Gloeckner returned to France at about the time the decision of this court was handed down; that thereafter plaintiff cabled Hyperion Press in Paris inquiring whether the books of account substantiating Mr. Gloeckner's testimony regarding costs were available and was advised by cable that all books were available.

It thus appears that books of account which were not available at the time of the original trial in January 1942, and the rehearing in May 1944, can now be produced. Since plaintiff was prevented from presenting all its evidence because of the war and the German occupation of France, it should now be given an opportunity to do so.

For this reason the cases are hereby remanded to the court below for a new trial. Judgment will be rendered accordingly.