**Amuary Alexandre GENDEBIEN, Appellant,**

v.

**Carine G. GENDEBIEN, Appellee.**

**No. C14–83–183CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

---

Harry L. Tindall, Ellen Elkins Grimes, Houston, for appellant.

Ralph Balasco, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a decree granting a divorce and dividing the estate of the parties. Amaury-Alexandre Gendebien, Appellant, contends: that he did not realize the nature of the trial proceedings and was denied due process of law; that he did not have effective assistance of counsel at trial; the trial court erred in not admitting into evidence an alleged prenuptial agreement written in French; the trial court erred in its characterization and division of the estate of the parties; and the trial court erred in ordering the attorney's fees of Carine S. Gendebien, Appellee, be paid by the Appellant. We find no error.

Appellee filed her Original Petition for Divorce on April 24, 1981. Appellant responded by filing an Original Answer which consisted of a general denial and a request to be appointed Managing Conservator of the couple's one child. The matter was subsequently set for trial December 6, 1982.

On November 3, 1982, after a hearing, the trial court granted the Motion to withdraw filed by Appellant's former attorney. The docket sheet shows that Appellant was present in the court room on November 3, 1982, but that he left before the hearing on the Motion. Appellant's former attorney testified at that hearing that the Appellant had been notified of the December 6 trial setting in this case by both certified mail and regular mail, prior to the November 3 hearing.

On December 6, 1982, Appellant appeared before the court without counsel. In Appellant's presence, the trial judge reset the trial for the afternoon of December 9, 1982, at which time Appellant again appeared without counsel, and the case proceeded to trial.

During the trial, Appellant referred to a request for continuance but at no time before or during the trial did Appellant file a Motion for Continuance. Appellant testified that he did not attempt to retain another attorney until after the trial commenced. On Friday, December 10, the Appellant represented to the court that he had a new attorney but that the attorney could not be present at that time. The court recessed until Monday, December 13, at which time the trial continued. Appellant failed to appear at that time or inform the court of the reason for his absence. The court concluded the trial and entered judgment.

The record contains two letters from the "new" attorney, one letter was to Appellant and one to the trial judge. According to the letters, the attorney told Appellant that he was not retained and did not agree to represent him. He acknowledged that Appellant left the file on this lawsuit at the attorney's office on the evening of December 10th. The attorney attempted to return the file on December 11th but the Appellant was not home. According to the note Appellant left with his file at the attorney's office, Appellant left for Belgium on December 11th and did not plan to return until approximately January 10, 1983.

In Point of error number one, Appellant argues that the trial court erred in entering the divorce decree because the Appellant did not realize the nature of the proceedings at trial and was thus denied due process of law. The second point of error is that the trial court erred in entering the divorce decree because Appellant did not have the effective assistance of counsel at trial.

The real complaint behind points of error one and two is the failure of the trial judge to grant a continuance due to absence of counsel. Absence of counsel will not be a good cause for a continuance of the cause when called for trial, except in the discretion of the trial court, upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record. TEX.R.CIV.P. 253. There is no showing in the record of any matters within the information or knowl-

edge of the judge which show good cause for continuance.

■■■ In civil cases in which the absence of counsel has been urged as grounds for a continuance, Texas courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. *State v. Crank*, 666 S.W.2d 91 (Tex.1984). The granting or denial of an application for continuance rests within the sound discretion of the trial judge. *State v. Crank, Id; Willoughby v. Upshur Rural Electric Cooperative Corporation*, 562 S.W.2d 33 (Tex.Civ.App.— Tyler 1978, writ ref'd n.r.e.). The action of the trial court denying the motion will not be disturbed unless the record shows a clear abuse of discretion. *Chambers v. Lee*, 566 S.W.2d 69 (Tex.Civ.App.—Texarkana 1978, no writ); *Meyerland Company v. Palais Royal of Houston, Inc.*, 557 S.W.2d 534 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). We find no abuse of discretion.

Appellant had notice more than a month before the December 6th trial setting. The trial judge reset the trial until December 9th. Nevertheless, it was not until December 10th that Appellant actually sought to employ a new attorney. On December 10th, Appellant wrongfully represented to the court that he had retained new counsel. Appellant has failed to show that absence of counsel was not due to his own fault or negligence. The fact the Appellant left the country in the middle of his trial, or, chose not to return to court and participate in the proceedings, is an indication of his voluntary choice to ignore the trial proceedings. Appellant has failed to show any exercise of reasonable diligence in attempting to hire a new attorney or to file a proper written motion for continuance based on the absence of legal representation. Points of error one and two are overruled.

■■■ Appellant's third point of error is that the trial court erred in failing to admit into evidence, at the Motion for New Trial hearing, an alleged prenuptial agreement, and, by failing to grant a new trial upon the basis of that agreement. The document Appellant refers to as a prenuptial agreement was written completely in French. Appellee objected to the admission "on the basis that this is written in french and, therefore, its incompetent evidence...." When a party offers into evidence, a document written in a foreign language, it is the duty of the offering party, not the court, to have the document translated into English. *Sartor v. Bolinger*, 59 Tex. 411, 413 (1883); *Lacoma v. Canto*, 236 S.W. 1013, 1014 (Tex.Civ.App.— El Paso 1922, no writ). A trial court does not commit error when it refuses to admit into evidence a document written in a foreign language without an accompanying translation. Counsel for Appellant argues that she, herself, would have translated the document at the hearing on the motion for new trial. However, Appellant has failed to develop any bill of exception. Without a bill of exception showing what the translation of the document would have been, Appellant has waived any right to claim error because of the exclusion of the evidence. *Camp v. Camp*, 591 S.W.2d 578, 581 (Tex.Civ.App.—Fort Worth 1979, no writ). Point of error three is overruled.

Point of error four concerns the trial court's mischaracterization of the Appellant's separate property, and the trial court's error in its division of the community property. The property involved was an investment account in Appellant's name at E.F. Hutton & Company. Appellant argues that a large part of the money used to fund the account was from a recovery for personal injuries received by Appellant, therefore the fund was his separate property. However, no error is shown, as the trial court awarded Appellant the E.F. Hutton Company account, and the record is silent as to *any* characterization of the property by the court.

■■■ When dividing the community property, a trial court may consider several factors. *Mogford v. Mogford*, 616 S.W.2d 936 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). Where there are no findings of fact or conclusions of law, it is presumed that the trial court considered all of the circumstances of the parties in arriving at

its division of the property. *Cervantes v. Cervantes,* 591 S.W.2d 332 (Tex.Civ.App.— Corpus Christi 1979, no writ); *Harrell v. Harrell,* 591 S.W.2d 324 (Tex.Civ.App.— Corpus Christi 1979, no writ); *Musslewhite v. Musslewhite,* 555 S.W.2d 894 (Tex.Civ. App.—Tyler 1977, writ dism'd); *Whittenburg v. Whittenburg,* 523 S.W.2d 797 (Tex. Civ.App.—Austin 1975, no writ).

In the absence of findings of fact and conclusions of law, we are unwilling to find that the trial judge abused his discretion when dividing the community property. Point of error four is overruled.

The fifth point of error is that the trial court erred in entering its decree of divorce because it neglected to consider the wife's extensive European real estate holdings. Appellant, in his Inventory, which was filed with the trial court, listed land in Belgium that he claimed was owned by Appellee. During the trial, Appellant questioned Appellee about such land and she stated "It doesn't belong to me." No other proof of ownership was offered. Appellant has failed to prove that Appellee owned such land and has failed to show the trial court abused its discretion in the division of the community property. Point of error five is overruled.

Point of error six is that the trial court erred in entering its decree of divorce because the husband was ordered to pay excessive attorney's fees, even though he was unemployed and in poor health. At the time of the divorce, Appellant was unemployed but he testified that he was self employed as an oil and gas broker. Appellant testified that he had chest pains but he failed to explain the cause of that condition, and offered no medical proof of disability. Appellant complains that the attorney's fees of the Appellee are excessive, however, the award of attorney's fees is within the discretion of the trial court in making a just and right division of the estate of the parties under TEX.FAM.CODE ANN. § 3.63. *Blaylock v. Blaylock,* 603 S.W.2d 254 (Tex.Civ.App. —Houston [14th Dist.] 1980, no writ). Appellant has failed to show excessiveness or a clear abuse of discretion on the part of the trial judge. Point of error six is overruled.

The judgment is affirmed.