*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





## MEMORANDUM OPINION

No. 04-08-00936-CV

Zulema **DICK**,
Appellant

v.

Jimmy Dean **DICK**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 07-05-45850-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: April 14, 2010

REVERSED & REMANDED

        This is an appeal from a judgment dismissing with prejudice Zulema Dick's petition for post-divorce division of marital property and debts and awarding costs and attorney's fees to Jimmy Dean Dick. Zulema Dick contends the trial court abused its discretion by denying her motion for continuance, dismissing her case, denying her motion to reinstate, and denying her motion for new trial. She also claims the trial court erred in entering a default judgment against her for costs and attorney's fees.

## BACKGROUND

Zulema Dick and Jimmy Dean Dick were divorced in 2005. On May 10, 2007, Zulema filed an original petition for post-divorce division of property and debts, to which Jimmy filed an original answer. Jimmy did not file a counterclaim, but prayed for attorney's fees and court costs. Zulema requested the trial court set the case for a non-jury trial, and notified the court her first setting preference was July 28, 2008. The trial court consequently set the case for a final hearing on that date, which was a Monday. On Friday, July 25th, at 4:55p.m, Zulema's attorney, Juan Perales, filed a verified motion for continuance that stated he suffered an elbow injury, had been diagnosed with tendinitis, and was receiving medical treatment due to extreme pain. When Zulema and her attorney did not appear Monday morning, the trial court denied the motion for continuance. The court signed a judgment on September 30, 2008, denying all relief requested by Zulema, dismissing her claims with prejudice, and awarding Jimmy $6,200.00 in attorney's fees and $1,500.00 in expert fees.

Zulema filed a motion for new trial and motion to reinstate supported with counsel's affidavit. Both motions were denied. Zulema filed this appeal, arguing the trial court abused its discretion in denying her motion for continuance, motion for new trial and motion to reinstate. Zulema also contends the trial court erred in awarding attorney's and expert's fees to Jimmy because he had not pled any cause of action to support the award.

## DISCUSSION

### *Continuance*

We review a trial court's decision whether to grant a continuance based upon the absence of counsel under an abuse of discretion standard. TEX. R. CIV. P. 251 & 253. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine*

*Operators, Inc*., 701 S.W.2d 238, 241-242 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986); *Craddock v. Sunshine Bus Lines*, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. Comm'n App. 1939, opinion adopted). In other words, the trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Downer*, 701 S.W. 2d at 241-42.

In general, absence of counsel is not good cause for a continuance. *See* TEX. R. CIV. P. 251 & 253; *Gendebien v. Gendebien*, 668 S.W.2d 905, 907 (Tex. App.—Houston [14th Dist.] 1984, no writ). However, the trial court does have the discretion to allow a continuance if good cause is shown or "upon matters within the information or knowledge of the judge which show good cause for continuance." *Gendebien*, 668 S.W.2d at 907-08. The action of the trial court will not be disturbed unless a clear abuse of discretion is shown. *Id*. We, therefore, must decide whether the court abused its discretion in denying the continuance. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.), *cert. denied*, 469 U.S. 833 (1984).

Zulema's attorney filed a verified motion for continuance of the final hearing on her post-divorce division of property and debts claim at 4:55 p.m. on July 25, the Friday before the hearing set for the following Monday morning. Perales did not file an affidavit but verified the facts in the motion to be true and correct. The stated reason for the continuance was counsel's elbow injury and tendinitis diagnosis on July 16, 2008. The motion for continuance was never set for hearing. Neither Zulema nor her counsel appeared on Monday July 28, 2008. Because of the limited explanation of why Perales was unable to attend the hearing, the trial court did not abuse its discretion in denying the motion for continuance. *See Rehab. Facility at Austin, Inc. v. Cooper*, 962 S.W.2d 151, 155 (Tex. App.—Austin 1998, no pet.)

### *Dismissal, Reinstatement, & New Trial*

Zulema's next three issues relate to whether the trial court abused its discretion in dismissing her case for want of prosecution and failing to either reinstate the case or grant a new trial. When a case is dismissed for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3). The standard is essentially the same as that for setting aside a default judgment. *See Craddock*, 133 S.W.2d at 126.

> A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of justification — accident, mistake or other reasonable explanation — negates the intent or conscious indifference for which reinstatement can be denied.

*Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995)(citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). Whether the failure to appear was not intentional or the result of conscious indifference is a fact determination within the trial court's discretion. *Johnson v. Hawkins*, 255 S.W.3d 394, 398 (Tex. App.—Dallas 2008, pet. denied); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.—Texarkana 1995, writ denied). However, if the factual assertions in party's affidavit are not controverted, the movant's burden is satisfied if the affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). "A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather, it must also be without justification." *In re K.A.R.*, 171 S.W.3d 705, 717 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

We review a dismissal for want of prosecution for abuse of discretion. *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300 (Tex. App.—Houston [14th Dist.] 1992, no writ). A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for the failure to appear is reasonable. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied) (citing *Smith*, 913 S.W.2d at 467-68). Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference. *Whitworth v. Blumenthal*, 59 S.W.3d 393, 401 (Tex. App.—Dallas 2001, pet. dism'd by agr.). An unexpected happening is sufficient to establish "mistake or accident." *Nguyen v. Kim*, 3 S.W.3d 146, 152 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Perales attached his affidavit to the motion to reinstate and appeared at the hearing, but did not testify at the hearing. The affidavit provides a detailed history of his health problems, beginning in January 2008 and continuing through August 2008. In the affidavit, Perales explains his various physical conditions and problems, states the dates of his doctors's visits relating to his asthma treatment and elbow injury. He states he was prescribed painkillers. The affidavit included the following explanation as to why his health condition prevented him from appearing at the July 28th hearing:

> On July 25, 2008, counsel was again examined by Dr. Aneselmo Garcia who prescribed blood tests for further diagnosis of severe symptoms of asthma. Dr. Garcia also examined counsel's elbow and also diagnosed tendinitis. Due to the drowsiness caused by pain medication and asthma symptoms, counsel was unable to appear for the trial in this cause.

The affidavit contains an outline of doctors' appointments, diagnoses, tests and medical treatments conducted prior to July 28, 2008.

Because Jimmy did not controvert the factual averments in Perales's affidavit, Zulema satisfied her burden if the facts set forth in the affidavit, if true, negated intentional or consciously indifferent conduct by Perales. *Evans*, 889 S.W.2d at 269; *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984). Although Perales's first affidavit filed in conjunction with the motion for continuance was not sufficient to show good cause for a continuance, Perales's much more detailed affidavit was sufficient to negate intentional disregard or conscious indifference. The affidavit attached to the motion to reinstate provided detailed information regarding Perales's medical condition and an explanation as to why his condition rendered him unable to attend the Monday morning hearing. Perales's condition was some excuse, not necessarily a good excuse, but enough to show lack of conscious indifference. *See Whitworth*, 59 S.W.3d at 401. We hold Perales's absence, although deliberate, was justified given the circumstances, and the failure to appear at the non-jury trial was not due to intentional disregard or conscious indifference. *See Anderson v. Anderson*, 282 S.W.3d 150, 154 -155 (Tex. App.—El Paso 2009, no pet.). Zulema met her burden of negating conscious indifference and the trial court abused its discretion in denying her motion for reinstatement. *See Strackbein*, 671 S.W.2d at 38-39 (trial court abuses discretion if the plaintiff's evidence negating conscious indifference is uncontroverted).[1]

### *Award of Attorney's and Expert's Fees*

In her final issue, Zulema argues the trial court abused its discretion in rendering a judgment against her for attorney's and expert's fees. The trial court awarded Jimmy attorney's and expert's fees pursuant to the family code. *See* TEX. FAM. CODE ANN. § 9.014 (Vernon 1998) (family code

---

[1] Having found an abuse of discretion, we need not address Zulema's complaint regarding the denial of her motion for new trial.

provides trial court "may award reasonable attorney's fees as costs in a proceeding under this subchapter."). Because we reverse and remand the judgment on which the trial court based its award of attorney's fees and costs, we also reverse and remand the award of attorney's and expert's fees for further proceedings. Tex. R. Civ. P. 43.2(d) (court of appeals may reverse the trial court's judgment and remand for further proceedings); *see Orix Capital Market L.L.C.*, 193 S.W.3d 620, 626 (Tex. App.—Dallas 2008, no pet.).

## Conclusion

We reverse the trial court judgment and remand for trial on Zulema Dick's claim for post-divorce division of marital property and debts and Jimmy Dean Dick's request for fees and costs.

Steven C. Hilbig, Justice