Edsel F. **WHITTENBURG**

v.

Dorothy Odell **WHITTENBURG.**

No. 12261.

Court of Civil Appeals of Texas, Austin.

May 28, 1975.

William E. Adams, Senterfitt & Adams, San Saba, for appellant.

Jack Lee, Lee & Lee, Mason, Warden Terry, San Saba, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from the judgment of the district court sitting without a jury in a divorce case. The appeal is limited to the questions arising from the property settlement. We affirm the judgment of the trial court.

Appellant Edsel Whittenburg and appellee Dorothy Whittenburg were married in Llano, Texas in 1948. In 1952 appellant began work for the Army Air Force Exchange Service and remained in that employment for over twenty-one years. During the time of this service appellant contributed to a retirement pension plan through the Army Air Force Exchange Services. Upon appellant's retirement from the service in 1973, he became eligible for a monthly pension based upon his twenty-one years of employment and the amount contributed to the pension during his prior years of service.

During their twenty-five years of marriage Edsel and Dorothy were residents in a number of states. Some of these states were common law property states while others were community property states. A number of the questions presented by this appeal deal with the percentages of time this married couple remained in the various states of their residence; however, due to the position we take here, we do not reach these questions.

■ The trial court awarded appellee one-half of the pension and benefit plan. Under the facts of this case we hold that the court did not abuse the discretion conferred upon it by law in making this property division.

These parties lived together as husband and wife for twenty-five years and raised a son to adulthood. There is no indication in this record that Dorothy was other than a good wife and mother. She had an eighth grade education and during the marriage learned no trade or occupation. She became accustomed to the living standard that Edsel's salary, which ranged from $12,000 to $18,000 a year, was able to provide. Since these parties separated, Dorothy has been able to earn no more than $200 per month and lives in a government housing project.

On the other hand, Edsel is a relatively healthy man, fifty-one years old, who was trained during his Air Force Service career to be a manager of post exchanges. He has managed up to thirty employees and has received special government schooling in this regard. He testified that he intends to go back to work. In addition, he stands to inherit 120 acres of land in San Saba County from his aged parents, he being their only child. There is no other property of note involved, nor do we put much emphasis on an alleged loan from Edsel's parents to see their son through college.

■ A vested annuity is "property" which may be divided in a divorce action. Davis v. Davis, 495 S.W.2d 607 (Tex.Civ. App.1973, writ dism'd). The trial judge is not required to divide community property equally and a portion of the husband's separate property may be awarded to the wife where circumstances make such an award necessary for a fair and just division of the property. Sec. 3.63, Vernon's Texas Family Code. Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.1969, writ dism'd). Roye v. Roye, 404 S.W.2d 92 (Tex.Civ. App.1966, no writ). In the Matter of the Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App.1973, writ dism'd).

■ In the absence of findings of fact and conclusions of law, we must assume that the trial court took into consideration the entire circumstances of the parties in making what appeared to be a fair and just division of the property. The discretion in making this division would undoubtedly involve consideration by the court of the disparity between the respective earning power of each of the parties. Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ. App.1969, no writ).

Affirmed.