William Leroy TRADER, Appellant,

v.

Roxie Ann TRADER, Appellee.

No. 15492.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 26, 1975.

Rehearing Denied Dec. 31, 1975.

Royal D. Adams, Robert D. Reed, Adams & Hunter, San Antonio, for appellant.

Marion T. Carson, San Antonio, for appellee.

BARROW, Chief Justice.

This is a limited appeal by husband from a judgment dissolving the bonds of matrimony and dividing the property of the parties. No children are involved. Formal findings of fact and conclusions of law were not requested or filed. See Rule 296, Tex. R.Civ.P. (1967).

The parties were married on July 29, 1970, and separated about October 4, 1974. Most of the testimony given at the non-jury trial related to the division of the property. This issue was complicated by the fact that both parties had separate property in addition to the community estate, and there were debts against the separate estates as well as the community estate. The trial court found in the judgment that both parties had separate property and decreed that each party take same as his or her sole and separate property. It was found that appellant owned as his separate property 300 shares of common stock (out of 900 shares) in San Antonio Floor Finishers, Inc., by whom he was employed. The court concluded, however, that the value of the stock at the time of its acquisition on February

28, 1973, was $21,000, and that its value had increased by the amount of $75,000 at the time of trial, which increase was declared to be a community asset and divided equally between the two parties.

Appellant expressly limited his appeal to the court's conclusion that the increased value of this separate stock was a community asset and the court's action in awarding appellee one-half of this increase. He further urges that, in any event, the court erred in calculating the amount of increased value. Complaint is also made of the trial court's action in ruling before appellant had rested his case; however, there is no showing in the record that appellant desired to offer any additional evidence. See *Morris v. City of Houston,* 466 S.W.2d 851 (Tex. Civ.App., Houston [14th Dist.] 1971, no writ). Appellant asks that the judgment of the trial court be reformed to delete the provision awarding appellee one-half of the increased value of the stock. In the alternative, he asks that the cause be remanded to permit him to offer additional evidence relating to the value of this stock.

■ We must consider at the outset appellee's motion to dismiss the appeal for the reason that appellant had voluntarily accepted benefits under the judgment and therefore had waived his right to complain of only one item in the property division. As a general rule, a litigant cannot treat a judgment as both right and wrong; and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950); *Swearingen v. Swearingen,* 487 S.W.2d 784 (Tex. Civ.App., San Antonio 1972, writ dism'd); *Smith v. Manger,* 449 S.W.2d 347 (Tex.Civ. App., San Antonio 1970, no writ); *City of Mesquite v. Rawlins,* 399 S.W.2d 162 (Tex. Civ.App., Tyler 1966, writ ref'd n. r. e.); *Nixon v. Nixon,* 348 S.W.2d 438 (Tex.Civ. App., Houston 1961, writ dism'd). There is no contention that the narrow exception to this general rule is applicable in this case.

■ It is well established that under Article 3.63 of the Tex.Family Code Ann. (1975), as well as the antecedent statute, the divorce court is given wide discretion in disposing of any and all property of the parties, separate or community, and the cause will be reversed only where there is a clear abuse of discretion. *Bell v. Bell,* 513 S.W.2d 20 (1974); *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Currie v. Currie,* 518 S.W.2d 386 (Tex.Civ.App., San Antonio 1974, writ dism'd); *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App., Houston [1st Dist.] 1974, no writ); *Zaruba v. Zaruba,* 498 S.W.2d 695 (Tex.Civ.App., Corpus Christi 1973, writ dism'd).

■ While the discretion of the trial court in the division of the property is not unlimited, it is clear that the division does not have to be equal and the court may award the wife a substantial portion of the husband's separate personal property where the circumstances make such action necessary to effect a fair and just division of the property. Therefore the trial court could have awarded appellee an interest in appellant's stock in the San Antonio Floor Finishers irrespective of whether it was his separate property or a community asset. *Bell v. Bell, supra.*

■ We conclude that complaint may not be limited to the trial court's action with regard to one part of property division where other parts are accepted as the property division must be considered as a whole. The soundness of this rule is well-illustrated by the facts in this case. Both parties had several checking and savings accounts, as well as other personal property, before the marriage, and there was a question of commingling during the brief marriage. The status of real estate acquired during the marriage was uncertain in that the source of the funds was in dispute. The status of several large debts was also in issue. There was even argument over some of the household furniture. Appellant's contention was sustained by the trial court on most of the disputed points. For example, a large loan against an insurance policy on appellee's

life was held to be her separate debt; and, on another disputed item, appellant was permitted to charge against the community estate a substantial unrecorded debt owed San Antonio Floor Finishers for material used on the couple's homestead. It is reasonable to assume that if the trial court had given appellant all interest in the stock of San Antonio Floor Finishers, Inc., appellee might have been given the benefit of other disputed items.

Since appellant accepted the benefits of the judgment, he cannot complain of that part of the property division wherein the trial court found that the increase in value of the stock was a community asset. We sustain appellee's counter-point that appellant is estopped from asserting this limited appeal.

The appeal is dismissed.