James Taylor MUSSLEWHITE,
Appellant,

v.

Beryl Ann MUSSLEWHITE, Appellee.

No. 1031.

Court of Civil Appeals of Texas,
Tyler.

Aug. 18, 1977.

Rehearing Denied Oct. 6, 1977.

Charles E. Crow, Tyler, for appellant.

Thomas W. Hathaway, Hathaway & Jackson, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a divorce decree. Appellant James Taylor Musslewhite, petitioner below (hereafter referred to as appellant), filed a petition seeking a divorce from

appellee Beryl Ann Musslewhite, respondent below (hereafter referred to as appellee), on the grounds of insupportability because of discord and conflict of personalities. The suit also concerned the parent-child relationship in that two children were born to the marriage. Appellant and appellee were married on July 11, 1964, and they separated and ceased to live together as husband and wife on October 15, 1974. In his petition appellant asked that appellee be appointed managing conservator of the children.

The court granted its decree of divorce appointing appellee managing conservator and appellant possessory conservator, and ordered appellant to pay an amount of child support which is not contested. The court granted appellant visitation rights and also divided the property in a manner the court deemed equitable. Appellant thereafter timely perfected this appeal, complaining of the visitation provisions and also complaining of the division of property. Appellant requested findings of fact and conclusions of law, and upon the court's failure to make its findings and conclusions of law, made a second request. However, no findings of fact and conclusions of law were filed and there is no point of error complaining of any failure of the trial court to make said findings and conclusions.

We affirm.

▮ The applicable facts will be presented under the points of error that they are relevant to. In Point of Error No. 1, appellant complains that "The trial court's division of the estate of the parties was so manifestly unjust and unfair as to constitute an abuse of discretion."

The record shows that two trusts are the main source of the dispute over property, and that these trusts were the principal assets of the estate. The two trusts were created by appellant's parents. The "James Taylor Musslewhite Trust No. 129" was established on January 1, 1961, by means of a written trust agreement whereby appellant's parents transferred to the Peoples National Bank (hereafter called the "Bank"), as Trustee, and to appellant, as co-trustee, an undivided ⅛th interest in a partnership known as Baker Tank Company. The trust agreement provided that the partnership interest plus any additional property transferred to the trustees should be held in trust for the sole benefit of appellant. The trust provided that the Bank and appellant were directed to enter into a partnership agreement with the other partners in Baker Tank Company.

Appellant was authorized by the trust to actively participate in the management of Baker Tank Company to the extent ordinarily required of a partner. It is important to mention here that the tax returns of the Baker Tank Company show that appellant devoted one hundred percent of his time to the business of Baker Tank Company.

This trust, according to its provisions, terminated on July 27, 1971, when appellant reached thirty years of age. At that time appellant did not receive the trust assets, but instead allowed the Bank to continue to manage the properties in trust.

During the existence of Trust No. 129, the Bank received the distributions from Baker Tank Company which were attributable to the ⅛th partnership interest held by the trust. The distributions were invested and managed by the Bank and at various times distributions from the trust were made to appellant. At the time the trust terminated on July 27, 1971, the value of the trust, including the ⅛th interest in Baker Tank Company totaled $125,939.27, plus the undistributed profits of Baker Tank Company which the trust was entitled to.

On August 4, 1975, all of the partners in Baker Tank Company, including Trust No. 129, entered into a contract of sale whereby Baker Tank Company would be sold. Pursuant to such contract, Baker Tank Company was in fact sold. The portion of the sale proceeds attributable to the ⅛th interest held by the Bank was not deposited with the other assets in the trust account, but was deposited in a special escrow account at the Bank pursuant to a letter agreement between appellant, appellee and the Bank. The amount of the proceeds received from

the sale of the ⅛th interest totaled $328,-151.11.

Pursuant to the letter agreement appellant withdrew $99,496.66 from the escrow account. This money was used by appellant to form a new business enterprise called Argus Tank Company. The trial court awarded to appellant his partnership interest in Argus Tank Company, which at time of trial had declined in value to a value of $75,000.00 to $87,500.00.

Appellee was awarded from the escrow account the sum of $159,796.55 and the court subtracted therefrom an amount of money to pay off a one-half portion of two promissory notes and income taxes owed by appellant and appellee, resulting in a net realization of $133,265.09 from the escrow account. The balance of the escrow account was awarded to appellant, plus the remainder of the assets in Trust No. 129.

The second trust, the "James Taylor Musslewhite Trust No. 395," was created by appellant's parents on June 1, 1970, who transferred a 1/22nd interest in Baker Tank Company to the same bank and appellant as co-trustees. The trust contained similar provisions to Trust No. 129, except that the trust was to remain in effect until appellant's death.

After the sale of Baker Tank Company, the value of the assets in the trust, including the sale proceeds, was $145,567.87. The trial court awarded Trust No. 395 to appellant.

In dividing the remainder of the estate of the parties, the trial court awarded to the appellant and appellee each a one-sixth undivided interest to a 337.543-acre tract of land. The appellant had acquired an undivided ⅓rd interest in this tract in 1968. Out of the total price of $15,343.38 which appellant paid for the undivided ⅓rd interest, $11,018.67 was paid with funds traced to a distribution from Trust No. 129.

As to the remainder of the properties, appellee was awarded the residence of the parties, and almost all the household furnishings. In addition, she was awarded her automobile plus one-half of the parties'

stocks and other investments. Appellant was awarded some household furnishings, his automobile, the checking account of the parties, plus several items of limited value. In addition, appellant was to assume all debts of the parties not specifically mentioned in the judgment.

As pointed out in appellant's brief, the record shows that appellant's separate property and community property which were awarded to him had a total value of from $375,987.18 to $400,717.60. The property awarded to appellee had a total value of from $247,818.21 to $265,048.71.

Section 3.63, Texas Family Code, provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

In *Bell v. Bell,* 513 S.W.2d 20 (1974), the Supreme Court of Texas wrote, at page 22:

" . . . Texas courts have held that such division does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion. . . . It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923)." See *Roye v. Roye,* 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, n. w. h.).

■ Furthermore, in *Williams v. Williams,* 537 S.W.2d 107, 109 (Tex.Civ.App.—Tyler 1976, n. w. h.) this court stated:

"In considering these points, which charge that the trial court abused its discretion by ordering an unequal division of the property between the parties, we are mindful of the rule that where there are no findings of fact or conclusions of law, we must consider the evidence and all reasonable inferences and deductions

that may be properly drawn therefrom in the light most favorable to the appellee. [citing cases] Also there is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. [citing cases]"

Since no findings of fact and conclusions of law were filed of record, it is presumed that the trial court considered the entire circumstances of the parties in division of their property. *Whittenburg v. Whittenburg,* 523 S.W.2d 797 (Tex.Civ.App.—Austin 1975, n. w. h.).

The fact that a trial judge may exercise his discretional authority in a matter differently than an appellate judge would have done under similar circumstances does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex. Sup.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

In its judgment the court recited that the "parties own certain property, the community nature of which has been in dispute; however, the Court finds that *whether* such property be deemed community or separate, in the exercise of the Court's discretion, it should be divided in the following equitable manner." (Emphasis added.) The decree then divided the property.

Appellant's and appellee's brief devote many pages to a discussion of the community or separate nature of trust income where the corpus of the trust constitutes separate property of the spouse. From the portion of the judgment recited above, it is clear to us that the trial court did not make a determination of the community or separate nature of the trust income. In fact, it was not necessary for the court to do so. In a divorce proceeding the trial court may award to one spouse a substantial portion of the other spouse's separate personal property "where the circumstances make such action necessary to effect a fair and just division of the property." *Trader v. Trader,* 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd).

Had the court made a determination of the community or separate nature of the trust income, of particular importance would be the fact that appellant's time, toil and talent were devoted to his management position with the Baker Tank Company. The evidence is also conclusive that appellant had a present possessory right to the income of both trusts. Appellant exercised an option to continue Trust No. 129 on his own accord on August 1, 1962 (prior to his marriage). As to Trust No. 395, appellant had a lifetime power of appointment over the income of said trust. The record also indicates that much of the other property was purchased with distributions from the trusts.

We do not think that the court below abused its discretion. Evidently the court considered such factors as disparity of the earning power of the parties, as well as their business opportunities, capacities, and abilities. Even after the division, appellant remained in a more favorable financial condition than did the appellee. Appellant's first point of error is overruled.

In his second point of error, appellant complains that "The trial court so limited the extent of visitation by Appellant with the children of the marriage as to constitute an abuse of discretion."

In the decree of divorce the trial court appointed the appellee as managing conservator of the two children and appointed appellant as possessory conservator of the children. With regard to the appellant's possession of the children the court made the following order:

"IT IS FURTHER ORDERED and DECREED that the Possessory Conservator shall be required to have the possession of the minor children during the period from 1:00 P.M. until 6:00 P.M. on each and every Saturday, other than the first and third Saturdays of each month.

"In addition, IT IS FURTHER ORDERED and DECREED that the Possessory Conservator shall have the right of possession of the minor children between the hours of 10:00 A.M. on the first and

third Saturdays of each month and 7:00 P.M. on the Sunday following."

The only complaint of appellant is that he is entitled to more overnight visitation rights by way of full weekend visitation encompassing Friday night. By the terms of the decree, appellant is entitled to see the children each weekend. The record indicates that the parties were not able to agree on visitation privileges and it therefore became necessary for the court to define the same. The extent of visitation accorded to the possessory conservator is largely within the discretion of the trial court. *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston [1st Dist.] 1965, writ ref'd n. r. e.); *In re Johnson*, 494 S.W.2d 943 (Tex.Civ.App.—Amarillo 1973, n. w. h.).

From the record before us we cannot say that the trial court abused its discretion in dividing the estate of the parties nor in adjudicating the visitation rights of appellant.

Judgment affirmed.

McKAY, J., not participating.