William John EICHELBERGER, Appellant,

v.

Helen Beatrice EICHELBERGER, Appellee.

No. 5760.

Court of Civil Appeals of Texas, Waco.

Oct. 20, 1977.

Rehearing Denied Nov. 17, 1977.

Philip R. Segrest, Segrest, Mills & Cameron, Waco, for appellant.

Bedford D. Edwards, Waco, for appellee.

HALL, Justice.

As part of the property division between the parties when they were divorced, the court awarded appellee wife a 40% interest in disability benefits and pension benefits due appellant husband under the Railroad Retirement Act (Railroad Retirement Act of 1937, 45 U.S.C. § 228a et seq.; now Railroad Retirement Act of 1974, 45 U.S.C. § 231 et seq.) which were earned both before and during their marriage. Husband appeals, questioning only those awards. We affirm.

The case was heard by the court without a jury. The findings of fact made by the trial judge are not questioned. They show that appellant began working for the railroad in 1946. He and appellee were married in June, 1957. He was placed on disability retirement in 1973. The divorce judgment in question was rendered in May, 1977. At that time, appellant was 55 years of age. Appellee was living in rented quarters, and had approximately $50.00 in cash and three $25.00 U.S. Savings Bonds. She was without education or skill to qualify her for any particular employment. Her income was from babysitting jobs at $5.00 per day, but she had no children to sit with at the time of hearing. Appellant was employed by a motel at a salary of $50.00 per week. He paid $10.00 per week for his room. He received $419.95 per month Railroad Disability Benefits. The parties' agreement dividing all their property except appellant's railroad retirement benefits and disability benefits was fair and was approved by the court. A fair, just, and equitable division of the parties' property required an award to appellee of 40% of the disability benefits appellant was receiving as well as 40% of the anticipated regular retirement benefits he will receive pursuant to the Railroad Retirement Act upon attaining age 65.

V.T.C.A., Family Code § 3.63, requires the court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage," in a judgment of divorce.

In Texas, retirement benefits and vested disability benefits resulting from employment during marriage are community property subject to division between the husband and wife in the event of dissolution of the marriage. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.Sup.1970); *Herring v. Blakeley*, 385 S.W.2d 843, 846 (Tex.Sup. 1965). Such retirement benefits are subject to division even though they may not have matured or vested at the time of divorce. *Cearley v. Cearley*, 544 S.W.2d 661, 666 (Tex.Sup.1976). Additionally, to effect an equitable division of the spouses' properties, it has long been the law that the court may award all or a part of either's separate personal property to the other. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21, 22 (1923).

Appellant says this rule was abolished in the recent case of *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.Sup.1977). We disagree. The opening sentence in the opinion in *Eggemeyer* points up that the question before the Court was whether a trial court is now authorized by Texas Family Code § 3.63 to divest one spouse of his or her separate realty and transfer title to the other spouse in a divorce decree. The court answered that question in the negative, but it did not change the rule permitting divestiture of separate personalty upon divorce. To the contrary, at 554 S.W.2d 142, the Court expressly agreed with the decision in *Ramirez v. Ramirez,* 524 S.W.2d 767 (Tex. Civ.App.—Corpus Christi 1975, no writ), which restated the *Hedtke* rule, supra, relating to the parties' separate personal property.

■ Appellant asserts that the trial court's award of future railroad retirement benefits to appellee conflicts with and is prohibited by 45 U.S.C. § 231m, Railroad Retirement Act, which provides as follows:

Notwithstanding any other law of the United States, or any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated

. . .

This contention is overruled. § 231m is substantially similar to other congressional and legislative enactments designed to place federal and state retirement benefits beyond the reach and anticipation of creditors. E. g., 10 U.S.C. § 1440 (military annuities); 38 U.S.C. § 3101 (veteran's benefits); Vernon's Ann.Civ.St., Art. 6228a, § 9 (state and county pensions); Vernon's Ann.Civ. St., Art. 6243e.2, § 12 (firemen's relief and retirement fund); Vernon's Ann.Civ.St., Art. 6243j, § 20 (policemen's pensions). It was not intended to remove such benefits from the application of the property laws of the several States, including the marital property laws of a community property State. See, *Hisquierdo v. Hisquierdo,* 19

Cal.3d 613, 139 Cal.Rptr. 590, 566 P.2d 224 (Calif.Sup.1977).

Appellant's remaining points and contentions are also without merit. They are overruled.

The judgment is affirmed.