Robert Ray MUNS, Appellant,

v.

Doris Lee MUNS, Appellee.

No. 19439.

Court of Civil Appeals of Texas, Dallas.

May 23, 1978.

Charles E. Tobin, Dallas, for appellant.

Paul M. Rothermel, Jr., Dallas, for appellee.

GUITTARD, Chief Justice.

Robert Muns appeals from the property division in a divorce decree. He contends that the trial court erred in awarding Doris Muns twenty-five percent of his military retirement benefits which, he asserts, are his separate property because of the parties' residence in common-law property states during most of the period of his military service. We affirm on the ground that under section 3.63 of the Texas Family Code (Vernon 1975), the trial court had authority to award the wife a substantial interest in the retirement benefits, even though they may have been mostly separate property.

■ Before considering the property question, we note that in a supplemental brief filed after oral argument, appellant Robert Muns complains of the trial court's failure to file findings of fact, notwithstanding his timely request and reminder as provided by rules 296 and 297 of the Texas Rules of Civil Procedure. After this supplemental brief was filed, counsel for appel-

lee obtained from the trial judge findings and conclusions, which were filed in the trial court and were presented here in a supplemental transcript. Over appellant's objections, we permitted the supplemental transcript to be filed under authority of rules 428 and 429 of the Texas Rules of Civil Procedure. Appellant does not suggest that he has been prejudiced by the late filing of the findings and conclusions, and neither has he requested rebriefing or reargument. Consequently, we hold that no reversible error is shown in this respect. *Layton v. Layton*, 538 S.W.2d 642, 643 (Tex. Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

Among the trial court's conclusions is a statement that the divorce decree "divided the estate of the parties in a manner that is just and right, having due regard to the rights of each party based upon the assets of the parties, less the liabilities, without regard to whether the property so divided was community, separate or mixed." Appellant Robert Muns contends that the court erred in awarding twenty-five percent of the retirement benefits to Doris because the parties had resided in common-law states for fourteen of the fifteen years of their marriage and the right to receive such benefits had vested when they were living in a common-law state. This argument assumes that the court's discretion in dividing the property did not extend to awarding to Doris any part of Robert's separate property.

■ We conclude that the court has discretion under section 3.63 of the Family Code [1] to invade the separate property of one spouse for the benefit of the other when necessary to a just and fair division. This rule has been applied in a number of cases under the Code. *Trader v. Trader*, 531 S.W.2d 189, 190 (Tex.Civ.App.—San Antonio 1975, writ dism'd); *Zaruba v. Zaruba*, 498 S.W.2d 695, 699 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Cooper v. Cooper*, 513 S.W.2d 229, 232 (Tex.Civ.App.

---

1. Section 3.63 is as follows: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

—Houston [1st Dist.] 1974). The rule is stated also in *Eichelberger v. Eichelberger*, 557 S.W.2d 587, 589 (Tex.Civ.App.—Waco 1977, writ dism'd); *Musslewhite v. Musslewhite*, 555 S.W.2d 894, 897 (Tex.Civ.App.—Tyler 1977, writ dism'd); and *Ramirez v. Ramirez*, 524 S.W.2d 767, 768–69 (Tex.Civ.App.—Corpus Christi 1975, no writ). The same rule was followed under former article 4638 of the Texas Revised Civil Statutes of 1925. *Goldberg v. Goldberg*, 392 S.W.2d 168, 170 (Tex.Civ.App.—Fort Worth 1965, no writ); *Grant v. Grant*, 351 S.W.2d 897, 898 (Tex.Civ.App.—Waco 1961, writ dism'd). Other authorities so construing the former statute are *Bryant v. Bryant*, 478 S.W.2d 602, 605 (Tex.Civ.App.—Waco 1972, no writ); *Dorfman v. Dorfman*, 457 S.W.2d 91, 95 (Tex.Civ.App.—Waco 1970, no writ); and *Dillingham v. Dillingham*, 434 S.W.2d 459, 461 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

The leading authority cited in the above cases in support of the rule that separate personal property may be invaded in the division of property on divorce is *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923). The actual holding in that case was that a divorce decree may award the wife the right to occupy as a homestead during her life a tract of land owned by the husband as his separate property. In explaining that decision, the supreme court discussed in detail the statutory language now contained in section 3.63 of the Family Code and gave that language an interpretation that has long been regarded as authoritative. The court said that the estate subject to division between divorcing spouses includes "all property of the parties, whether community or separate property" and that although neither party can be divested of the title to real estate because of the express prohibition in the statute (not found in present section 3.63), the court "may award all the personal property to either spouse, and may subject the income, rent, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children." *Id.* at 22. Commenting further on the statute, the court said:

Its language ought to be given the meaning uniformly ascribed to it by this court, and that is, that the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.

*Id.* at 23.

The *Hedtke* interpretation was reaffirmed in *Ex parte Scott*, 133 Tex. 1, 123 S.W.2d 306, 313 (1939), in which the supreme court stated that a trust may be imposed on the husband's separate real estate for the benefit of the wife. Under such an arrangement, of course, the former wife would have the benefit of the rents, to which she would have no community-property claim after divorce.

The Family Code contains no language indicating an intention to restrict the broad range of discretion allowed under the earlier statute, as interpreted in *Hedtke* and the decisions based on *Hedtke*. The only change from former article 4638 in section 3.63 was elimination of the express prohibition of divestment of title to the real estate. Whether this change has the effect of permitting divestment of title to separate real estate was decided by the supreme court in *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977). A majority of the court held that in this respect the Code did not change the law. Although some of the court's reasoning, particularly its treatment of the issue of constitutional restrictions on divestment of property rights and its characterization of a portion of the *Hedtke* opinion as "dictum," would seem to apply also to separate personal property, the court did not mention the different treatment historically given to separate personal property. Acceptance of the view that a different rule applies to personal property is suggested by the court's express approval of *Ramirez v. Ramirez*, 524 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1975, no writ), in which the

Corpus Christi Court of Civil Appeals stated that the restriction on divestment of either spouse's separate property relates only to separate real property, whereas courts have wide discretion in disposing of any and all personal property of the parties, separate or community. *Id.* at 769. The intent of the reference to *Ramirez* in the *Eggemeyer* opinion is not clear, however, since the supreme court limited its express approval to the actual decision in *Ramirez*, which was that the change in the statute did not change the law with respect to divestment of title to real estate.

The problem of invading separate personal property was discussed in *Eichelberger v. Eichelberger, supra,* in which the wife was awarded a share in disability and pension benefits. The Waco Court of Civil Appeals, though recognizing that such benefits were subject to division as community property, actually applied the rule that the court "may award all or a part of either's separate personal property to the other," citing *Hedtke.* The court rejected the contention that this rule had been abolished in *Eggemeyer* and noted that the supreme court in *Eggemeyer* had agreed with the *Ramirez* decision, which had restated the rule announced in the *Hedtke* opinion relating to division of the parties' separate property.

A case more nearly in point, though decided before *Eggemeyer,* is *Whittenburg v. Whittenburg,* 523 S.W.2d 797 (Tex.Civ.App. —Austin 1975, no writ). That case, like the present, involved retirement pay of a husband who had lived with his wife in both community-property and common-law states. The opinion does not show where they lived when he became eligible for retirement. Affirming an award to the wife of one-half of the benefits, the Austin court held that "a portion of the husband's separate property may be awarded to the wife where circumstances make such an award necessary for a fair and just division of the property." *Id.* at 798. We have found no case authority to the contrary.

■ This statement from *Whittenburg* represents the established rule as we understand it from the authorities above cited

unless all those authorities must be considered to have been inferentially disapproved in *Eggemeyer.* We conclude, as did the *Eichelberger* court, that the holding in *Eggemeyer* is limited to separate real estate, which was the only kind of property mentioned in the *Eggemeyer* opinion. The whole force of the majority opinion in *Eggemeyer* is directed to a demonstration that the legislature did not intend to change the law concerning division of property in divorce cases by omitting from section 3.63 of the Family Code the express prohibition of divestment of separate real estate in former article 4638. Although the majority opinion expressly disapproves a number of decisions of the courts of civil appeals concerning real estate, it does not mention those cited in the *Ramirez* opinion that follow the *Hedtke* interpretation with respect to separate personal property. It seems to us unlikely that the supreme court intended to disapprove that entire line of cases.

Although different legal treatment of real and personal property may seem obsolete in an industrial society, this distinction has deep roots in our agrarian heritage and has been prominent from earliest times in both the English common law and the Spanish civil law. There is good reason to continue the distinction with respect to the discretion of the court in making a division of property in a divorce decree, particularly in the case of retirement benefits. The principle may be illustrated by an extreme but not improbable example. Suppose the husband and wife have lived in a common-law state until the husband became eligible for retirement, and then they establish a residence for their declining years in the more benign environment of Texas. Difficulties develop here, and the wife seeks a divorce, but she has little earning capacity and no property. Back in the home state a divorce court could have done equity by granting alimony, but no such remedy is available in Texas, where it is assumed that property accumulated during marriage belongs to both spouses. If the Texas court cannot reach the husband's separate property, it has no choice but to leave the wife

with no means of support. Certainly, there is no Texas case actually holding that the court would not be able to do what it deems just and right in such a situation, and we see no reason why such a restriction should be imposed now.

■ Of course, the example given is not the present case, but the difference is one of degree. If the court has discretion in any case to include separate personal property in the division, the question is whether that discretion has been abused. We conclude that it has not been abused here. Robert's earnings exceed $11,000 per year, while Doris earns only $7,665. On the other hand, Robert has custody of three of the children and the full obligation to support them without contributions from Doris, while Doris has the custody of one child soon to turn eighteen. The divorce decree divides other property, including a residence, a mobile-trailer home, several vehicles, and insurance policies. No findings were made concerning values, but Robert does not complain that the division was unequal or disproportionate. The retirement benefits of $422 per month, or $5,062 per year, were divided seventy-five percent to Robert and twenty-five percent to Doris. His greater share of these benefits seems reasonable in view of his greater obligation to support the children, but we cannot say that the trial judge abused his discretion, if discretion he had, in failing to award them all to him. Since, for reasons above stated, we conclude that the judge did have such discretion, even though such benefits may have been separate property, we hold that no abuse of discretion is shown.

■ We recognize that in the main the wife must look to the community property for her share of the material gains incident to an ill-starred marriage. *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722, 724 (1961). Consequently, the separate property of each spouse should be restored to the respective owner in absence of circumstances justifying an invasion of one spouse's separate personal property. *Fuhrman v. Fuhrman*, 302 S.W.2d 205, 213 (Tex. Civ.App.—El Paso 1957, error dismissed).

Nevertheless, where the trial judge has made the finding that the estate of the parties has been divided in a manner that is fair, just, and equitable, the fact that he may have erred in concluding that certain property was community rather than separate will not necessarily result in reversal. *Cooper v. Cooper*, 513 S.W.2d 229, 233 (Tex. Civ.App.—Houston [1st Dist.] 1974); *Dillingham v. Dillingham*, 434 S.W.2d 459, 461 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

■ Invasion of separate personal property is proper only when necessary to a division that is "just and right" under the circumstances. *Trader v. Trader*, 531 S.W.2d 189, 190 (Tex.Civ.App.—San Antonio 1975, writ dism'd). Consequently, in some cases, the court's discretion may be abused if the record shows that such an invasion is not necessary to such a division. The better practice is for the court first to characterize any property claimed as separate and then to determine whether extraordinary circumstances exist justifying invasion of the separate property of one spouse for the benefit of the other. On appeal, however, the appellant has the burden of establishing an abuse of discretion, and, therefore, must show that the court's failure to characterize the property resulted in a division that is not "just and right." *See Musslewhite v. Musslewhite*, 555 S.W.2d 894, 897 (Tex.Civ.App.—Tyler 1977, writ dism'd); *cf. Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974) (failure to determine wife's community claim for appreciation of stock awarded to husband not reversible). Here the judge did not determine whether the retirement benefits were separate or community, and made no express finding that invasion of the husband's separate property was necessary to a division that is just and right. The judge did state his conclusion, however, that the division made in the decree was "just and right . . . without regard to whether the property so divided was community, separate or mixed." We interpret this conclusion as a finding that an award of twenty-five percent of the retirement benefits to the wife is necessary

to a division that is "just and right" under all the circumstances, even if such benefits are considered as the husband's separate property. In view of the circumstances discussed above, we hold that no abuse of discretion is shown.

Affirmed.