Willie Herman JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 58132.

Court of Criminal Appeals of Texas, Panel No. 2.

June 21, 1978.

W. John Allison, Jr. (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Brady Sparks and Stewart Robinson, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery. Appellant entered a plea of guilty before the jury, which, after hearing evidence, assessed punishment at imprisonment for twelve years.

Appellant's sole contention is that his conviction is void because the special judge who tried his case was assigned in contravention of the statutes of this State. Specifically, he contends that Art. 200a, Sec. 5a, V.A.C.S., as amended effective August 29, 1977, prohibits the assignment of retired judges of more than seventy years of age. It is a matter of record that the retired judge who tried this case was seventy-five years of age on October 23, 1977, the date of his assignment.

Prior to its 1977 amendment, Sec. 5a, supra, provided for the special assignment of "regular district judges" and district judges retired pursuant to the Judicial Retirement Act (Art. 6228b, V.A.C.S.). As it then read, Sec. 5a, supra, was construed to authorize the assignment to active duty of retired district judges who consent to such assignment, without regard to age. *Werlein v. Calbert*, 460 S.W.2d 398 (Tex. Sup.1970).

In 1977, the Legislature amended Sec. 5a, supra, to include within the group available for assignment all former district judges who have not yet retired, so long as they have not been defeated for reelection, have not been removed from office, are not more than seventy years of age, and have certified their willingness to serve. Acts 1977, 65th Leg., ch. 115, p. 248. A comparison of the language of Sec. 5a, supra, before and after the 1977 amendment makes it clear that those persons to whom the section was applicable prior to 1977 are not affected by the amendment. The age limit of seventy years found in Sec. 5a, supra, does not apply to retired or "regular" district judges; it applies only to "former" district judges. Tex.Att'y Gen.Op. No. H–1021 (1977).

The retired district judge who presided at appellant's trial was lawfully assigned to the district court.

The judgment is affirmed.