Scottie PRICE, Appellant,

v..

Betty PRICE, Appellee.

No. 1281.

Court of Civil Appeals of Texas,
Tyler.

Nov. 29, 1979.

Kenneth R. Barron, Tyler, for appellant.

Jerry C. Parker, Sammons & Parker, Tyler, for appellee.

MOORE, Justice.

Appellee, Betty Price, instituted this suit against appellant, Scottie Price, seeking a divorce and a division of the property. After a trial before the court, sitting without a jury, judgment was rendered dissolving the marriage. The community property, which consisted only of household and kitchen furniture, was divided between the parties. In addition, the trial court also awarded Mrs. Price a judgment against appellant for the sum of $4,000.00 as well as a $1,000.00 attorney's fee. Appellant perfected this appeal and brings eight points of error attacking only that portion of the judgment dividing the property.

We affirm.

Prior to the marriage, Mrs. Price was a resident of California, having moved there from Texas. Mr. Price, having known Mrs. Price for approximately five years, went to California and proposed marriage. After the marriage the parties returned to his apartment in Tyler, Texas. At that time Mr. Price was approximately thirty-nine years of age and Mrs. Price was thirty-eight. Both parties had children by a prior marriage. The marriage continued for fourteen months; however, the parties only lived together for a period of approximately five months. According to the testimony of Mrs. Price, she was compelled to leave her husband due to his continuous intoxication and failure to return home at night. During the marriage, Mr. Price was employed by A & S Electrical Contractors, Inc., in which he was half owner. He earned approximately $1,400.00 per month plus expenses. At the time of trial, Mrs. Price was employed at a manufacturing concern earning approximately $425.00 per month. During the marriage, Mrs. Price received treatment for a cancerous growth on her lip and testified that further treatment would be required.

The evidence shows that the separate property of Mrs. Price consisted of (1) a 1975 Camero automobile on which she was making payments of approximately $120.00 per month; and (2) a small amount of furniture which she brought into the marriage. Appellant's separate property consisted of (1) one half of the capital stock in A & S Electrical Company that had a book value of $17,060.00 which Mr. Price testified was pledged at a bank to secure a loan of $80,-000.00; (2) a $1,500.00 promissory note which he testified was worthless; and (3) furniture and personal effects having an approximate value of $3,000.00. The judgment awarded each party their separate property as listed above.

The community property consisted of household and kitchen furniture. The only testimony with regard to the value of the furniture and household items was given by appellant and was based on the purchase

price and the amount of the existing indebtedness against it. His testimony with regard to the amount and value of the property is somewhat confusing. As we understand it, the community furniture had a cost of $3,000.00, and at the time of trial, it had an indebtedness against it of approximately $1,500.00. The record also shows that the parties had community funds of $315.00. The trial court awarded appellant the community furniture, together with the $315.00 in cash. Thus the value of the community property awarded to appellant amounted to $1,815.00. The remainder of the community property which was free and clear of debt consisted of a microwave oven and a lamp valued at $1,000.00. These items were awarded to Mrs. Price. Thus the value of the community property awarded Mrs. Price amounted to approximately $1,000.00.

There is considerable testimony in the record with regard to the sum of $12,000.00 that appellant withdrew from the A & S Electrical Corporation during the marriage. Appellant testified that the funds were withdrawn to pay a debt owed by the corporation to Alton Knight. Mrs. Price testified that her husband told her that the funds were used to finance his share of an insulation business organized by him and Alton Knight. Although she made no effort to trace the funds, she takes the position that the $12,000.00 constituted a part of the community property.

Appellant asserts by his first point of error that the award of a $4,000.00 personal judgment in favor of Mrs. Price constitutes permanent alimony and is therefore contrary to the public policy of this state. By his second point, appellant contends that even if the $4,000.00 personal judgment in favor of Mrs. Price does not constitute alimony, the trial court nevertheless abused its discretion in dividing the property, because the personal judgment rendered against him had the effect of awarding appellee his separate property to the extent of $4,000.00 without just cause. We fail to find any merit in either contention.

The term "alimony" has come generally, in legal parlance, to include an allowance, whether periodical or in gross, judicially made to a wife upon an absolute divorce. The statutes and public policy of this state do not sanction alimony for the wife after a judgment of divorce has been entered. *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967). Support payments ordered to be made after a divorce from the income from the husband's property, although considered alimony in many jurisdictions, is not considered alimony in this state. When its true meaning is distilled from the statutes and the court's decisions of this state, alimony which contravenes the public policy of this state is only those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce. *Francis v. Francis*, supra, at 32–33.

In applying the above definition, the courts have generally held that the trial court may require one party to make monetary payments to the other after a divorce, so long as a division was referable to the rights and equities of the parties in and to the properties at the time of the dissolution of the marriage. In such a case, the courts have held that the division is not an allowance of permanent alimony in violation of the established public policy. *Francis v. Francis*, supra; *Garrett v. Garrett*, 534 S.W.2d 381, 382 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *In re Marriage of Jackson*, 506 S.W.2d 261, 266–67 (Tex.Civ.App.—Amarillo 1974, writ dism'd); *Nail v. Nail*, 477 S.W.2d 395, 399–400 (Tex.Civ.App.—Fort Worth), rev'd on other grounds, 486 S.W.2d 761 (Tex.1972); *Marks v. Marks*, 470 S.W.2d 83, 86 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.).

It is undisputed that at the time of the divorce appellant owned a one-half interest in an electrical contracting business where he served as president and earned an annual salary of $16,800.00, plus expenses. Although there is no evidence as to the market value of the business or its annual net earnings, the trial court could have drawn

varying inferences and conclusions from the evidence presented, both with respect to the current market value and as to the future use and benefits likely to be enjoyed by appellant in the continued ownership thereof.

In our opinion the evidence supports the trial court's award of the $4,000.00 judgment to Mrs. Price as being referable to the rights and equities of the parties in the properties at the time of the divorce hearing. Consequently, we hold that appellant failed to establish that the monetary judgment awarded Mrs. Price was in the nature of alimony.

This brings us to appellant's contention that the trial court abused its discretion in awarding the wife the $4,000.00 judgment because it would result in the taking of his separate property without just cause. Appellant's argument is premised on the assumption that the court's discretion in dividing the property did not extend to awarding to the wife any part of the husband's separate property.

Contrary to appellant's contention, the appellate courts have repeatedly held that the trial court has discretion under section 3.63 of the Family Code,[1] to invade the separate personal property of one spouse for the benefit of the other when necessary to a just and fair division. *Muns v. Muns*, 567 S.W.2d 563 (Tex.Civ.App.— Dallas 1978, no writ); *Eichelberger v. Eichelberger*, 557 S.W.2d 587, 589 (Tex.Civ. App.—Waco 1977, writ dism'd); *Musslewhite v. Musslewhite*, 555 S.W.2d 894, 897 (Tex.Civ.App.—Tyler 1977, writ dism'd); *Cooper v. Cooper*, 513 S.W.2d 229, 232 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 699 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd).

In order to achieve an equitable balance between the parties, the court was authorized to enter a money judgment against appellant. See *Mea v. Mea*, 464

S.W.2d 201 (Tex.Civ.App.—Tyler 1971, no writ); *Pride v. Pride*, 318 S.W.2d 715 (Tex. Civ.App.—Dallas 1958, no writ).

It is clear that the division of the property does not have to be equal, and the court may award the wife a substantial portion of the husband's separate personal property where the circumstances make such action necessary to effect a fair and just division of the property. There must be, however, some reasonable basis for decreeing an unequal division of the property. *Cooper v. Cooper*, supra. Factors to be considered include the disparity of earning power of the parties, as well as their business opportunities, capacities, and abilities; the physical condition of the parties; probable future need for support and educational background; the fault in breaking up the marriage; and the benefits the innocent spouse would have received from a continuation of the marriage. *Cooper v. Cooper*, supra, citing cases.

At the request of appellant, the trial court filed findings of fact and conclusions of law. Under the findings of fact, the court found that (a) appellant induced the appellee to leave her home in California and made promises to provide care for her and her children; (b) appellant undertook the course of conduct toward petitioner resulting in physical and mental abuse; (c) appellant was continually and gainfully employed during the marriage, earning a salary in excess of $1,200.00 per month and in addition received many benefits payable by the corporation of which he was part owner; (d) appellee's employment was that of a waitress and that such employment attracts minimum earnings; and (e) Mrs. Price suffers from poor health and has had cancer surgery during the marriage. Under the conclusions of law the trial court concluded that (a) appellant's earnings were far in excess of that of appellee and that appellee would be required to purchase new household furniture and furnishings, reestablish a

1. Section 3.63 is as follows:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

home and seek employment, and that the award to her of a money judgment in the amount of $4,000.00 was just, right, fair and equitable; (b) appellee's health is of question for future earnings and as a result the benefits that she would have received and would have derived from the continuation of the marriage become of great significance. The court failed to make any findings as to the value of any of the property.

It is the duty of the appellate courts to indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in a division of the estate of the parties. *Garrett v. Garrett,* supra; *Cooper v. Cooper,* supra.

After considering all the facts and circumstances in the case, including the community or separate character of each asset, the cause of the parties' separation, the disparity in earning power and business opportunities, the capacities and abilities and the relative conditions of the parties, we have concluded that the division of the estate, assets, and debts of the parties as set forth in the judgment is right, fair, and equitable, having due regard for the rights of each party. It follows that we find no abuse of discretion.

In points three through eight, appellant complains of various findings of fact made by the court on the ground that such findings are not supported by the evidence.

In reviewing the record to determine if any evidence supports the judgment and concomitant findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.,* 565 S.W.2d 916, 918 (Tex.1978); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950). Upon reviewing the record in light of the foregoing rule, we have concluded that there is some evidence, either direct or circumstantial, to support the trial court's findings on each of the challenged issues. Accordingly points three through eight are overruled.

The judgment of the trial court is affirmed.