James Edward HARRELL, Appellant,

v.

Frances Rosetta HARRELL, Appellee.

No. 1462.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 29, 1979.

Rehearing Denied Dec. 20, 1979.

Mark H. Giles, Stone, Berryman & Giles, Inc., Corpus Christi, for appellant.

Jack E. A. White, North & White, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This case involves an appeal from the trial court's division of property incident to a divorce decree. The wife-appellee, Frances Harrell, brought suit against the husband-appellant, James Harrell, for divorce, conservatorship of a child and division of the property of the parties. The case was tried before a judge on June 26, 1978. Upon his own motion at a hearing upon a motion for judgment, the trial judge ordered a new trial. The case was again tried on October 4, 1978. Following the second trial, the court, on October 24, 1978, rendered a decree of divorce, awarded conservatorship of the child to the wife and divided the property between the parties. The husband has appealed.

The only question to be answered by this Court is whether the trial court abused its discretion in dividing the property of the parties in the manner in which it was divided. We answer that question in the negative.

It is well settled that Texas divorce courts are given wide latitude in making a division of the property owned by the parties. Upon appeal, where the issue is the manner in which the property owned by the parties was divided, the judgment of the trial court will be reversed only where there is a clear abuse of discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex.Sup.1974); *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). Where there are no findings of fact or conclusions of law (as is the case here), it is presumed that the trial court considered all of the circumstances of the parties as shown by the record in arriving at its division of the property. *Musslewhite v. Musslewhite*, 555 S.W.2d 894 (Tex.Civ.App.—Tyler 1977, writ dism'd); *Whittenburg v. Whittenburg*, 523 S.W.2d 797 (Tex.Civ.App.—Austin 1975, no writ); See *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ).

In the exercise of its discretion, the trial court may properly consider, among other factors, the age and physical conditions of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse (assuming there is an innocent spouse) would have received from a continuation of the marriage, and the relative abilities of the parties. *Pickitt v. Pickitt*, 401 S.W.2d 846 (Tex.Civ.App.—Tyler 1966, no writ); *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App.—Eastland 1964, no writ). See *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.—Corpus Christi 1977, no writ).

The division made by the trial court judge in the case at bar is set out in the accompanying footnote.[1]

1. "Respondent, James E. Harrell, will have as his sole and separate property, and Petitioner is hereby divested of all interests therein, the following:

All cash in Respondent's possession, whether in his name, or in the name of a third person, and over which he exercises custody or control;

The residence and lot located at 2800 Harrington, Corpus Christi, Nueces County, Texas, and the indebtedness thereon;

Three Flour Bluff lots;

Two Suburban Acres lots and the house trailer and improvements located thereon;

The Hillside Heights lot number 7, located on Manta Lane, near the City Limits of Corpus Christi, Nueces County, Texas, and the indebtedness thereon;

All the Tuleta, Texas lots (being six Tuleta lots and two Beeville lots);

The furniture and personal possessions in Respondent's possession;

All interests in the Tennessee (National) Life and Casualty life insurance;

Respondent's tools, including the backhoe and other assorted equipment;

The following vehicles: a 1971 pickup, a 1965 flatbed truck, a 1967 Volvo automobile and a 1959 pickup;

The Suntide savings and Suntide retirement;

The proceeds from the sale in May, 1976, of the house and lot located at 10218 East Harrington, Corpus Christi, Nueces County, Texas.

Respondent is ORDERED to pay the following community debts:

Sears, Roebuck & Company, in the approximate amount of $600.00;

Woolco, in the approximate amount of $100.00;

J. C. Penney, in the approximate amount of $80.00;

Wards, in the approximate amount of $100.00;

The SBA loan in an unknown amount;

The balance due attorneys North, White and Blackmon for their defense of the Stevens suit, being an amount of $540.00.

Respondent is ORDERED to pay these debts within ten (10) days of the date this Order becomes final.

Respondent is ORDERED to pay all bills he has personally incurred since June 1, 1977, and will hold Petitioner harmless from claims arising out of his untimely payment of such debts, including attorneys fees, interest, and costs related to the collection of such debts by his creditors.

Petitioner, Frances R. Harrell, will have as her sole and separate property and Respondent is hereby divested of all interest therein, the following:

The 1971 GMC van, being motor vehicle number GE105U115429;

Proceeds from the salvage of the 1974 Torino Ford automobile, being an approximate amount of $2,400.00;

Furniture and personal possessions in the possession of Petitioner;

All cash in the possession of Petitioner, whether in her own name or in the name of a third person, and over which she exercises custody or control;

Income tax refund check for tax year 1977, in the amount of $1,915.00; and Respondent is ORDERED to endorse said check to Petition-

The essence of appellant's complaint is that the trial court abused its discretion because it divided the estate in a grossly disproportionate manner. For purposes of the appeal, we shall take as true the appellant's estimation of his net share as being, on the high side, $68,464.00. Likewise, we shall take as true the appellant's estimation of the appellee's share as being, on the high side, $116,865.00. Our primary task is the determination of whether $20,000.00 of the cash awarded to the appellee should be deducted from the $116,865.00 figure before actually comparing the division of the community property on the ground that it represents a valid separate property claim by the appellee.

The central dispute in this case over whether the court's award of $20,000.00 cash to the appellee should be considered as part of the division of the community or as a separate property claim requires a review of the record. The Vick Lane property, the sale of which produced the $20,000.00 cash award, was purchased by the parties during their marriage. Of the purchase price for the house, approximately $29,000.00 came from the proceeds of an earlier sale of property owned by the appellee at the time of her marriage to the appellant. When she married the appellant in 1964, the appellee owed $17,200.00 on this house. When the house was sold, this debt had been reduced to $12,000.00. In addition, approximately $4,000.00 in community funds were expended by the parties on improvements to the Vick Lane property.

The right of reimbursement for separate funds utilized in developing the community estate is an equitable right which may be considered by the trial court in the division of the property of the parties. *Horlock v. Horlock*, 533 S.W.2d 52 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ dism'd).

At the trial, the appellant disputed the appellee's claim for equitable reimbursement, but agreed to an "offer" of $20,000.00 to the appellee for her contributions to the Vick Lane property. There was sufficient evidence, however, that the appellee was entitled to at least $10,000.00 as an equitable reimbursement for separate property funds expended by her on the Vick Lane property. Hence, the percentage split is not as disproportionate as the appellant contends.

We also note that the appellant was awarded the entire value of his retirement program at his place of employment. The value of this pension, assuming he works until normal retirement age, is approximately $54,000.00. Additionally, while the appellant was steadily employed for approximately $18,000.00 a year, the appellee,

---

er within ten (10) days of the day this Order becomes final.
Cash as follows:
$20,000.00 to be paid Petitioner out of the net proceeds ($58,417.48) from the sale of the Vick Lane property, such proceeds now being held in escrow by the Stewart Title Company, Corpus Christi, Texas (title agent: Jo Ann Mills), and being further described as Stewart Title Company File No. 55085, Harrell Sale, Hillside Heights, Vick Lane Property;
$72,000.00 cash payable out of the remainder of the Vick Lane escrow account held by Stewart Title Company, above referenced, and out of the net proceeds of the sale of the Don Quixote property (approximately $56,-000.00), such sale being handled by the Lawyers Title Company, 415 North Water, Corpus Christi, Texas (title agent: Eli Lipner), and further described as the Harrell Sale to Warner, Don Quixote property, 10100 Leopard Street, Corpus Christi, Texas;

For a total cash award of $92,000.00.
All interests in that certain house and lot located in Indianapolis, Indiana, which Petitioner has obligated herself to buy.
Petitioner is ORDERED to pay all bills she has personally incurred since June 1, 1977, and will hold Respondent harmless from claims arising out of her untimely payment of such debts, including attorney fees, interest, and costs related to the collection of such debts by her creditors.
The parties are hereby ORDERED to execute and deliver such deeds, assignments, documents of title and other instruments necessary to carry out the terms of this Order within ten (10) days after this Order becomes final.
Each party is ORDERED to report and pay one-half (½) the capital gains tax incurred on sale of the Vick Lane and Don Quixote properties, regardless of the division of said properties herein."

who was awarded managing conservatorship of the marriage's only issue, was unsure at the time of trial whether she even had a job. Assuming, however, that appellee was employed, her salary was only about one-half of the appellant's salary.

In summary, we are not convinced that the division of property in this case was as disproportionate as appellant contends. Furthermore, even assuming appellant has correctly calculated the percentage distribution of community property, he has wholly failed to show this Court a total lack of circumstances which could conceivably justify the trial court's action. The division of community property need not be made equally. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Bokhoven v. Bokhoven*, 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, no writ). *Mercer v. Mercer*, 503 S.W.2d 395 (Tex.Civ.App.—Corpus Christi 1973, no writ). Thus, appellant has not met his burden of establishing an abuse of discretion by the trial court.

The judgment of the trial court is AFFIRMED.