**Robert David WHITTINGTON, Appellant,**

v.

**Genece E. WHITTINGTON, Appellee.**

**No. 21077.**

Court of Appeals of Texas, Dallas.

June 14, 1982.

Rehearing Denied July 19, 1982.

Herbert Green, Jr., Dallas, for appellant.

Raymond D. Noah, Richardson, for appellee.

Before GUITTARD, C.J., and CARVER and SPARLING, JJ.

GUITTARD, Chief Justice.

In this divorce case the husband appeals, contending that the judgment must be reversed because the retired judge before whom the case was tried had been defeated for reelection. He also challenges the division of the property because certain items of separate property were awarded to the wife and because the division of the community property was unequal, particularly in view of the award of an attorney's fee to the wife. We find no merit in any of these contentions and, accordingly, we affirm.

### Disqualification of Judge

■ To establish disqualification of the judge, the husband relies on Section 5a of article 200a of the Texas Revised Civil Statutes (Vernon Supp. 1982). This section was amended in 1977 by inserting the language emphasized below:

> Retired district judges, as defined by Article 6228(b) of the Revised Civil Statutes of Texas, as amended, who have consented to be subject to assignment, all regular district judges in this state, *and all former district judges who were elected at a general election or appointed by the governor; who have not been defeated for reelection; who have not been removed from office by impeachment, the Supreme Court, the governor upon address of the legislature, the State Judicial Qualifications Commission, or by the legislature's abolishment of the judge's court; who are not more than 70 years of* age; *and who certify to the presiding judge a willingness to serve and to comply with the same prohibitions relating to the practice of law that are imposed on a retired judge by Section 7, Article 6228(b) of the Revised Civil Statutes of Texas, 1925, as amended* or hereafter amended, may be assigned under the provisions of this Act by the presiding judge of the administrative judicial district wherein such assigned judge resides, and while so assigned, shall have the powers of a judge thereof. [Emphasis added.]

The question is whether the restrictive language of the amendment, including "who have not been defeated for reelection," applies to "retired district judges" as well as to "former district judges." We hold that it applies only to "former district judges" and that a retired district judge assigned under article 200a is not a "former district judge." Thus the eligibility of "retired district judges" and "regular district judges" to serve by assignment under article 200a is not affected. This interpretation is supported by a series of decisions of the Court of Criminal Appeals holding that the age limitation in the 1977 amendment does not apply to "retired district judges." *Taylor v. State,* 599 S.W.2d 831, 832 (Tex. Cr. App. 1980); *Todd v. State,* 598 S.W.2d 286, 289 (Tex. Cr. App. 1980); *Jackson v. State,* 567 S.W.2d 222, 223 (Tex. Cr. App. 1978).

### Separate Property

■ The husband contends that the trial court erred in including in the property awarded to the wife a suite of bedroom furniture and other personal items owned by him before marriage. He ignores our opinion in *Muns v. Muns,* 567 S.W.2d 563 (Tex. Civ. App.—Dallas 1978, no writ), in which we held that the trial court has discretion under section 3.63 of the Texas Family Code (Vernon 1975) to invade the separate personal property of one spouse for the benefit of the other when necessary to a just and fair division, although the court is prohibited from divesting a spouse of separate real property. *See Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex. 1977). *Muns* was disapproved by a majority of the

supreme court in *Campbell v. Campbell,* 23 Tex. Sup. Ct. J. 391 (June 4, 1980); however, that opinion was withdrawn on motion for rehearing. 613 S.W.2d 236, 24 Tex. Sup. Ct. J. 84 (November 19, 1980). Until the supreme court speaks further on this question, we see no reason to depart from our holding in *Muns.* Consequently, we hold that no reversible error is presented in this respect.

*Property Division and Attorney's Fee*

The husband asserts that the court abused its discretion by making an unequal division of the property, particularly in view of the court's award of an attorney's fee to the wife. He insists that since the divorce was granted on no-fault grounds, such inequality cannot be justified.

This contention is not well taken because he has provided no overall review of the property division, based on values of the property awarded to each spouse, to establish his claim of substantial inequality. In the absence of such a review, we are unable to determine whether the division was an abuse of discretion. *Hammonds v. Hammonds,* 583 S.W.2d 807, 809 (Tex. Civ. App. —Dallas 1979, no writ).

Affirmed.